Rolando RODARTE, Appellant,

v.

The STATE of Texas, Appellee.

No. 1498–92.

Court of Criminal Appeals of Texas,
En Banc.

June 9, 1993.

George Scharmen, San Antonio, for appellant.

Steven C. Hilbig, Dist. Atty. and Barbara Hervey, Asst. Dist. Atty., San Antonio, Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

CLINTON, Judge.

Appellant was convicted of the offense of capital murder and his punishment assessed at life imprisonment. The Fourth Court of Appeals dismissed his appeal for want of jurisdiction. *Rodarte v. State*, 840 S.W.2d 781 (Tex.App.—San Antonio 1992). The court of appeals held that appellant's notice of appeal, coming thirty-one days after "the day sentence is imposed ... in open

court," was untimely. Tex.R.App.Pro., Rule 41(b)(1). Along the way the court of appeals rejected appellant's argument that the thirty days within which the Rule requires that notice of appeal be filed should commence *either* when "the day sentence is imposed or suspended in open court," *or* the day the judgment is signed, that being "the day an appealable order is signed," whichever is later. Appellant contends that his notice of appeal came within thirty days of the day the judgment was signed, and was therefore timely. We granted his petition for discretionary review to address this question of first impression. Tex.R.App.Pro., Rule 200(c)(2).

Rule 41(b)(1) reads:

"(1) *Time to perfect Appeal.* Appeal is perfected when notice of appeal is filed within thirty (fifteen by the State) days after the day sentence is imposed or suspended in open court or the day an appealable order is signed by the trial judge; except, if a motion for new trial is timely filed, notice of appeal shall be filed within ninety days after the sentence is imposed or suspended in open court."

As we understand it, appellant argues that the rule is ambiguous in that in cases of direct appeal from a judgment of conviction the rule seems to set up more than one beginning point for calculating timeliness of a notice of appeal. The thirty days may begin on the day sentence is imposed or suspended in open court; or it may begin on the day the judgment, "an appealable order," is signed.[1] To avoid the confusion he contends is bound to arise from more than one commencement point, appellant urges us to hold that in cases of direct appeal from a judgment of conviction, the starting point for calculating timeliness of a notice of appeal is the day the trial court signs the judgment, which contains the sentence. See Article 42.02, V.A.C.C.P.

The disadvantage of appellant's proposed solution, as the court of appeals noted, is that it effectively reads the phrase "the day sentence is imposed or suspended in open court" out of the rule. *Rodarte v. State,* supra at 784. In any event we decline to adopt his solution because, like the court of appeals, we disagree that Rule 41(b)(1) engenders the confusion appellant claims it does in the first place. The court of appeals construed the rule to provide:

"When a defendant appeals from a conviction in a criminal case, the time to file notice of appeals runs from the date sentence is imposed or suspended in open court. When some other action of the trial court is appealed, such as that from which the State may appeal in article 44.01[, V.A.C.C.P.] or a habeas corpus matter from which the applicant may appeal, the appellate timetable begins with the signing of the particular order."

*Rodarte,* supra at 784–85.

We agree. That Rule 41(b)(1) provides for notice of appeal within thirty days of imposition or suspension of sentence in open court "or" the signing of an appealable order does not mean that *either* event will trigger the running of the thirty days in *any* case in which a party has occasion to appeal. The "or" in Rule 41(b)(1) is not inclusive; rather, it is context dependent. That is to say, deciding which of the two starting points for calculating timeliness of the notice of appeal applies depends upon what is being appealed. In the "ordinary" appellate context, where the defendant appeals a judgment of conviction, the thirty days begin to run on the day sentence is imposed or suspended in open court—unless appellant files a motion for new trial, in which case he is provided ninety days from the day sentence is imposed or suspended in open court to file

---

1. The court of appeals assumed for arguments' sake that the signed judgment pursuant to Article 42.01, V.A.C.C.P., could constitute "an appealable order" under Rule 41(b)(1). Entertaining that same assumption now for purposes of reviewing its decision, we nevertheless point out that in *Jones v. State,* 795 S.W.2d 199, at 202 (Tex.Cr.App.1990), this Court noted that the written judgment "is merely a record of events which have occurred in fact. The written judgment is not itself the conviction but evidence, among other things, that a conviction has occurred." Thus, while it is true that appeal "may not be taken" until the written judgment has been entered, *id.,* it is not the signing of the judgment that constitutes the appealable event.

his notice of appeal.[2] *Shute v. State,* 744 S.W.2d 96, at 98, n. 1 (Tex.Cr.App.1988) (Clinton, J., concurring). See also *Stokes v. State,* 688 S.W.2d 539 (Tex.Cr.App.1985); *Ex parte Renier,* 734 S.W.2d 349, at 365–66 (Tex. Cr.App.1987) (Teague, J., dissenting). In other appealable criminal cases—appeal by the State under Article 44.01, supra, and appeal from an adverse order after the issuance of a writ of habeas corpus other than a post-conviction application for habeas corpus brought under Article 11.07, V.A.C.C.P.—the timetable for notice of appeal begins on the day of the signing of the appealable order, e.g., the order dismissing the indictment, granting a new trial, suppressing evidence, or denying habeas corpus relief.[3]

Appellant reminds us that in *State v. Rosenbaum,* 818 S.W.2d 398 (Tex.Cr.App. 1991), we held that a State's notice of appeal from an order dismissing a portion of the indictment begins on the day the trial court signed the order. For purposes of Article 44.01(d), V.A.C.C.P., we construed "entered by the court" to mean "signed by the trial judge," in keeping with Rule 41(b)(1). Thus we harmonized those two provisions. But nothing about the holding in *Rosenbaum* conflicts with our holding today, or renders it any less definite. That a State's notice of appeal following partial dismissal of an indictment must come within fifteen days of the signing of the order under both Rule 41(b)(1), and, as we construed it in *Rosenbaum,* Article 44.01(d), does not impede our conclusion that notice of appeal following a judgment of conviction must be filed within thirty days after the sentence is imposed or suspended in open court, according to the plain terms of Rule 41(b)(1).

Because appellant's notice of appeal came thirty-one days after the day sentence was imposed in open court, it was untimely under Rule 41(b)(1). The court of appeals therefore correctly concluded that it lacked jurisdiction over the appeal. Accordingly, the judgment of the court of appeals is affirmed.

**2.** A *motion for new trial,* which by definition comes after a conviction, and at no other time, must be filed and may be amended at any time within thirty days after the date sentenced is imposed or suspended in open court. Tex. R.App.Pro., Rule 31. When a motion for new trial has been filed, Rule 41(b)(1) contemplates that notice of appeal be filed within ninety days of imposition or suspension of sentence in open court. Like the court of appeals, we believe this signifies that in the "ordinary" appeal, that is, appeal from a judgment of conviction, imposition or suspension of sentence in open court is the

exclusive starting point for determining timeliness of notice of appeal. *Rodarte v. State,* supra at 785.

**3.** The State is also authorized to appeal an illegal sentence or "a ruling on a question of law if the defendant is convicted in the case and appeals the judgment." Article 44.01(b) & (c), V.A.C.C.P. It is not immediately apparent which event in Rule 41(b)(1) activates the notice of appeal timetable in State's appeals of this nature. We leave that problem, however, for another day.