Buhl-K v. State 
















IN THE
TENTH COURT OF APPEALS
 

No. 10-96-067-CR

     KEVIN BUHL,
                                                                                              Appellant
     v.

     THE STATE OF TEXAS,
                                                                                              Appellee
 

From the 54th District Court
McLennan County, Texas
Trial Court # 95-379-C
                                                                                                    

MEMORANDUM OPINION
                                                                                                    

      On January 26, 1996, a jury found Kevin Buhl guilty of capital murder. Tex. Penal Code
Ann. § 19.03 (Vernon 1994). Because the State did not seek the death penalty, punishment was
automatically assessed at life imprisonment and the court imposed the sentence that same day. Id.
§ 12.31(a). Buhl did not file a motion for a new trial; thus, to appeal from his conviction and
punishment, he must have filed his notice of appeal within thirty days "after the day sentence [was]
imposed or suspended in open court," i.e., by February 26.


 Tex. R. App. P. 41(b)(1); Rodarte
v. State, 860 S.W.2d 108, 109-10 (Tex. Crim. App. 1993). He filed a notice of appeal in the trial
court on March 29 and a motion to extend the time to file his notice of appeal in this court on
April 4. Tex. R. App. P. 41(b)(2). Because neither the notice of appeal or the motion for
extension of time is timely, we do not have jurisdiction over his appeal. Id.; Olivo v. State, No.
442-95, slip op. at 4 (Tex. Crim. App. March 27, 1996). 
      Thus, we deny his motion for an extension of time to file a notice of appeal and dismiss this
cause for want of jurisdiction. Id.
 
                                                                               PER CURIAM

Before Justice Cummings, and
            Justice Vance
Dismissed for want of jurisdiction
Opinion delivered and filed April 24, 1996
Do not publish



in-left: 0.3in; margin-right: 0.3in">An amended notice of appeal correcting a defect or omission in an earlier filed
notice may be filed in the appellate court at any time before the appellant’s brief is
filed. The amended notice is subject to being struck for cause on the motion of any
party affected by the amended notice. After the appellant’s brief is filed, the notice
may be amended only on leave of the appellate court and on such terms as the court
may prescribe.

Tex. R. App. P. 25.2(d). However, the Court of Criminal Appeals has recently construed this
provision and reaffirmed that prior case law prevents a court of appeals from using another
appellate rule to create jurisdiction where none existed. State v. Riewe, 13 S.W.3d 408, 413
(Tex. Crim. App. 2000). The Court stated that it does not matter which rule a court of appeals
tries to use, former rules 2(b) or 83 or the current rule 25.2(d); the court cannot create
jurisdiction without a proper notice of appeal. Id. “The point is that, once jurisdiction is lost,
the court of appeals lacks the power to invoke any rule to thereafter obtain jurisdiction.” Id. 
Although the Riewe appeal involved the State’s compliance with its own extra-notice
requirements, it appears that the Court wanted to settle the entire issue by stating, “any
amendments made pursuant to Rule 25.2(d) cannot be jurisdictional amendments.” Id. at 413-414. The Court has merely re-affirmed the method of invoking the jurisdiction of appellate
courts in plea bargained cases; it has not abridged, modified, or enlarged a substantive right of
the defendant. See eg. Villanueva, 977 S.W.2d at 696, n.7.
Conclusion
      Russell’s general notice of appeal does not comply with Rule 25.2(b)(3). Even though
after his brief was filed, Russell filed a motion to amend his notice of appeal so that it
complied with Rule 25.2(b)(3), the time for perfecting his appeal has elapsed and this
jurisdictional defect cannot now be corrected. See Riewe, 13 S.W.3d at 413-14. Accordingly,
we do not have jurisdiction over this appeal and dismiss it for want of jurisdiction.
 
                                                                   TOM GRAY


Before Chief Justice Davis,
      Justice Vance, and
      Justice Gray
      (Justice Vance dissenting)
Motion Dismissed
Appeal Dismissed
Opinion delivered and filed November 8, 2000
Publish