Sheets-JM v. State 















IN THE
TENTH COURT OF APPEALS
 

No. 10-95-219-CR

Â Â Â Â Â JOHNNY M. SHEETS,
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Appellant
Â Â Â Â Â v.

Â Â Â Â Â THE STATE OF TEXAS,
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Appellee
 

From the 52nd District Court
Coryell County, Texas
Trial Court # 13,815
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 

MEMORANDUM OPINION
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 

Â Â Â Â Â Â A jury found Johnny Sheets guilty of felony driving while intoxicated and assessed
punishment of five years incarceration, probated, and a $1,000 fine. Tex. Penal Code Ann. Â§
49.04, 49.09(b) (Vernon 1994). Because Sheets failed to timely file a notice of appeal, we dismiss
his appeal for want of jurisdiction. Tex. R. App. P. 41(b)(1); Rodarte v. State, 860 S.W.2d 108,
109-10 (Tex. Crim. App. 1993). 
Â Â Â Â Â Â After the jury returned its verdict on May 23, 1995, the following transpired:
THE COURT:All right. [Defense Counsel], do you wish to have a PSI done?
[DEFENSE]:No, Your Honor, we will waive the PSI in this case if the Court sees
fit. . . . We'd ask the Court to impose sentence. . . .
THE COURT:Well, what I'm going to do then -- All right. The Court then -- you
having not wished to poll the jury, the Court having received the verdict of the jury as
the judgment of the Court, I do -- and you having been tried in this case to the jury
convicted of the offense of driving while intoxicated on your plea of not guilty, the jury
having heard the issue of punishment, having set your punishment at five years in the
Texas Department of Corrections and a $1,000 fine, I do sentence you to -- or let me go
back. They have recommended community supervision. I will accept their sentence or
their verdict as the judgment of this Court. I will suspend the imposition of sentence in
this case. I place you on probation for a period of 10 years, which the Court has the
authority to do under the code. I assess the $1000 fine or I will require you pay the
$1000 fine assessed by the jury and recommended by them to be paid as a term and
condition of probation. You will have a probation fee of $40 a month. You will be
under all the usual and customary terms and conditions of probation. And at this time,
I am imposing those conditions that are set forth in the Charge of the Court that was
presented to the jury and that the jury considered. Those are the current conditions of
supervision.
Â Â Â Â Â Â To appeal from his conviction and punishment, Sheets must have filed a notice of appeal
within thirty days "after the day sentence [was] imposed or suspended in open court" or within
ninety days if a timely motion for new trial is filed. Tex. R. App. P. 41(b)(1). As shown above,
sentence was suspended in open court on the day the jury returned its verdict, i.e., on May 23. 
He filed his notice of appeal on June 23, the thirty-first day after sentencing. On the same day,
he filed a motion for a new trial. Both of these instruments were late. Id. 31(a)(1), 41(b)(1);
Rodarte, 860 S.W.2d at 109-10. He did not file a motion for an extension of time to file the
notice of appeal. Tex. R. App. P. 41(b)(2); Olivo v. State, No. 442-95, slip op. at 4 (Tex. Crim.
App. March 27, 1996). Because he did not file a timely motion for a new trial and his notice of
appeal was not filed within thirty days of sentencing, we do not have jurisdiction over his appeal. 
Tex. R. App. P. 41(b)(1); Rodarte, 860 S.W.2d at 109-10.
Â Â Â Â Â Â We notified Sheets of this jurisdictional defect by letter on April 24. Tex. R. App. P. 83. 
He has responded with an unsigned letter, attaching a copy of the court's judgment signed on May
24. However, the date that the judgment is signed is not controlling, the date that the sentence is
imposed or suspended is. Rodarte, 860 S.W.2d at 109-10. 
Â Â Â Â Â Â Thus, we dismiss this cause for want of jurisdiction. Tex. R. App. P. 41(b)(1); Rodarte, 860
S.W.2d at 109-10.
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â PER CURIAM

Before Justice Cummings, and
Â Â Â Â Â Â Â Â Â Â Â Â Justice Vance
Â Â Â Â Â Â Â Â Â Â Â Â Chief Justice McDonald (Retired)
Dismissed for want of jurisdiction
Opinion delivered and filed May 22, 1996
Do not publish 


FELIPE REYNA

Justice

Before Chief Justice
Gray,

Justice
Vance, and

Justice
Reyna

Affirmed

Opinion delivered and
filed July 30, 2008

Do not publish

[CRPM]

Â 

Â 









[1]
   The court reporter did not,
however, file a supplemental reporterÂs record correcting the other seven
Âinaccuracies/deficienciesÂ identified by the trial court, but Revell has not
complained of this failure by motion or other pleading.





[2]
Â Â Â Â Â Â Â Â Â Â Â Â Â  RevellÂs appellate counsel did
not represent him at trial and had never tried a case in this particular trial
court, so she was not familiar with how the trial judge handled this matter or
how he handled jury notes in general.