Cumby-DD v. State 















IN THE
TENTH COURT OF APPEALS
 

No. 10-96-108-CR

     DENNIS DEWAYNE CUMBY,
                                                                                              Appellant
     v.

     THE STATE OF TEXAS,
                                                                                              Appellee
 

From the 13th District Court
Navarro County, Texas
Trial Court # 26,084-CR
                                                                                                    

MEMORANDUM OPINION
                                                                                                    

      Dennis Cumby pleaded guilty to aggravated sexual assault and the court assessed the agreed
punishment of twenty years' incarceration. Tex. Penal Code Ann. § 22.021 (Vernon 1994 &
Supp. 1996). Because Cumby failed to timely file a notice of appeal, we dismiss his appeal for
want of jurisdiction. Tex. R. App. P. 41(b)(1); Rodarte v. State, 860 S.W.2d 108, 109-10 (Tex.
Crim. App. 1993).
      To appeal from his conviction and punishment, Cumby must have filed a notice of appeal
within thirty days "after the day sentence [was] imposed or suspended in open court" or within
ninety days if a timely motion for new trial is filed. Tex. R. App. P. 41(b)(1). According to the
judgment in the transcript, his sentence was imposed on March 18, 1996. He filed his notice of
appeal on April 24, the thirty-seventh day after sentencing. There is no indication in the transcript
that he filed a motion for a new trial. Thus, his notice was seven days late. Id.; Rodarte, 860
S.W.2d at 109-10. He did not file a motion for an extension of time to file the notice of appeal. 
Tex. R. App. P. 41(b)(2); Olivo v. State, No. 442-95, slip op. at 4, 1996 WL 135625 *2-3 (Tex.
Crim. App. March 27, 1996). Because he did not file a timely motion for a new trial and his
notice of appeal was not filed within thirty days of sentencing, we do not have jurisdiction over
his appeal. Tex. R. App. P. 41(b)(1); Rodarte, 860 S.W.2d at 109-10.
      We notified Cumby of this jurisdictional defect by letter on May 30 sent to the address he
listed on the notice of appeal. Tex. R. App. P. 83. He has not responded to our notice.
      Thus, we dismiss this cause for want of jurisdiction. Id. 41(b)(1); Rodarte, 860 S.W.2d at
109-10.
                                                                               PER CURIAM

Before Chief Justice Davis, 
            Justice Cummings, and
            Justice Vance
Dismissed for want of jurisdiction
Opinion delivered and filed June 26, 1996
Do not publish



G Times', serif">He contends in a sole point of error that his first case, No. 27897, was timely filed in the trial
court because it was filed within sixty days of the prison's disciplinary hearing.
      We do not agree for the reason that this issue has been decided finally in Appellant's first
round of litigation wherein the matter was finally decided by the Supreme Court of Texas when
said Court denied a writ of error on May 22, 1995, as hereinbefore pointed out. That is to say,
Appellant's second round of litigation is barred by the doctrine of res judicata. See Tex. Jur. III,
Judgments, § X, Effect of Judgment; Res Judicata, ¶¶ 351, 456. We do not reach Appellant's first
point of error for the reasons stated.
      Judgment of the trial court is affirmed.
 
                                                                               JOHN A. JAMES, JR.
                                                                               Justice (Retired)

Before Chief Justice Thomas,
      Justice Cummings, and
      Justice James (Retired)
Affirmed
Opinion delivered and filed January 24, 1996
Do not publish