Tolliver-B v. State 















IN THE
TENTH COURT OF APPEALS
 

No. 10-96-110-CR

     BRIAN TOLLIVER,
                                                                                              Appellant
     v.

     THE STATE OF TEXAS,
                                                                                              Appellee
 

From the 13th District Court
Navarro County, Texas
Trial Court # 25,995-CR
                                                                                                    

MEMORANDUM OPINION
                                                                                                    

      Brian Tolliver pleaded guilty to aggravated sexual assault and the court assessed the agreed
punishment of twelve years' incarceration. Tex. Penal Code Ann. § 22.021 (Vernon 1994 &
Supp. 1996). Because Tolliver failed to timely file a notice of appeal, we dismiss his appeal for
want of jurisdiction. Tex. R. App. P. 41(b)(1); Rodarte v. State, 860 S.W.2d 108, 109-10 (Tex.
Crim. App. 1993).
      To appeal from his conviction and punishment, Tolliver must have filed a notice of appeal
within thirty days "after the day sentence [was] imposed or suspended in open court" or within
ninety days if a timely motion for new trial is filed. Tex. R. App. P. 41(b)(1). According to the
judgment in the transcript, his sentence was imposed on February 2, 1996. He filed his notice of
appeal on April 24, the eighty-second day after sentencing. There is no indication in the transcript
that he filed a motion for a new trial. Thus, his notice was fifty-two days late. Id.; Rodarte, 860
S.W.2d at 109-10. He did not file a motion for an extension of time to file the notice of appeal. 
Tex. R. App. P. 41(b)(2); Olivo v. State, 918 S.W.2d 519 (Tex. Crim. App. 1996). Because he
did not file a timely motion for a new trial and his notice of appeal was not filed within thirty days
of sentencing, we do not have jurisdiction over his appeal. Tex. R. App. P. 41(b)(1); Rodarte,
860 S.W.2d at 109-10.
      We notified Tolliver of this jurisdictional defect by letter on June 26. Tex. R. App. P. 83. 
He has responded to our notice, claiming that he was deceived by his attorney and filed the notice
of appeal as soon as he uncovered the problem. This response is not sufficient to cure his tardy
notice of appeal.
      Thus, we dismiss this cause for want of jurisdiction. Id. 41(b)(1); Rodarte, 860 S.W.2d at
109-10.
                                                                               PER CURIAM

Before Chief Justice Davis, 
            Justice Cummings, and
            Justice Vance
Dismissed for want of jurisdiction
Opinion delivered and filed July 17, 1996
Do not publish



"text-align: justify; margin-right: -0.0625in">Opinion issued and filed July 23, 1997
Do not publish