In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-02-00052-CR


______________________________




CHARLES E. ROSS, Appellant



V.



THE STATE OF TEXAS, Appellee




 


On Appeal from the 402nd Judicial District Court


Wood County, Texas


Trial Court No. 16,351-2000




 




Before Cornelius, C.J., Grant and Ross, JJ.


Opinion by Chief Justice Cornelius



O P I N I O N



 Charles E. Ross has filed an appeal from his conviction in cause number 16,351-2000. A
letter from Ross to the district clerk has been forwarded to this Court. In that letter, Ross apologizes
for inconveniencing the court and explains that he does not wish to appeal his conviction. 

 Pursuant to Tex. R. App. P. 42.2, and in accordance with Ross's request, his appeal is
dismissed.

 

 William J. Cornelius

 Chief Justice


Date Submitted: March 13, 2002

Date Decided: March 13, 2002


Do Not Publish



2002; (2) Lewis filed a
motion for new trial December 16, 2002; and (3) Lewis' notice of appeal was not filed until
July 1, 2003. 

 A timely notice of appeal is necessary to invoke this Court's jurisdiction. Olivo v.
State, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996). Rule 26.2(a) prescribes the time
period in which a notice of appeal must be filed by a defendant in order to perfect an
appeal in a criminal case. A defendant's notice of appeal is timely if filed within thirty days
after the day sentence is imposed or suspended in open court, or within ninety days after
sentencing if the defendant timely files a motion for new trial. Tex. R. App. P. 26.2(a);
Olivo, 918 S.W.2d at 522. A court of appeals may consider a late notice of appeal timely
to invoke jurisdiction if: (1) it is filed within fifteen days of the last day allowed for filing;
(2) a motion for extension of time is filed in the court of appeals within fifteen days of the
last day allowed for filing the notice of appeal; and (3) the court of appeals grants the
motion for extension of time. Olivo, 918 S.W.2d at 522. Here, none of the criteria listed
above were met in the filing of Lewis' notice of appeal. 

 When a defendant appeals from a conviction in a criminal case, the time to file a
notice of appeal runs from the date sentence is imposed or suspended in open court, not
from the date sentence is signed and entered by the trial court. Rodarte v. State, 860
S.W.2d 108, 109 (Tex. Crim. App. 1993). The last date allowed for Lewis to timely file his
notice of appeal was March 11, 2003, ninety days after the day sentence was imposed in
open court. See Tex. R. App. P. 26.2(a)(1). Because Lewis did not file his notice of appeal
until July 1, 2003, he failed to perfect this appeal. Accordingly, we dismiss the appeal for
want of jurisdiction.




 Donald R. Ross

 Justice


Date Submitted: August 13, 2003

Date Decided: August 14, 2003


Do Not Publish