In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-02-00073-CR


______________________________




CHARLES CLAUDE CARLTON, Appellant



V.



THE STATE OF TEXAS, Appellee




 


On Appeal from the 248th Judicial District Court


Harris County, Texas


Trial Court No. 873521




 




Before Morriss, C.J., Grant and Ross, JJ.


Opinion by Justice Ross



O P I N I O N



 Charles Claude Carlton appeals from his conviction for aggravated robbery. He was
convicted in two separate cases of aggravated robbery, and in another, robbery. Those
cases were consolidated for trial, have been appealed separately, and have been
consolidated for purposes of briefing.

 Since the briefs and arguments raised therein are identical in each appeal, for the
reasons stated in Carlton v. State, No. 06-02-00071-CR, we likewise find we lack
jurisdiction to consider the merits of Carlton's point of error.

 The appeal is dismissed for want of jurisdiction.



 Donald R. Ross

 Justice


Date Submitted: October 9, 2002

Date Decided: October 10, 2002


Do Not Publish



ssue before us is whether Franklin timely
filed his notice of appeal. We conclude he did not and dismiss the attempted appeal for want of
jurisdiction.

 On the issue of whether Franklin timely perfected his appeal, the record establishes
(1) Franklin's sentence was imposed on March 31, 2003; (2) Franklin did not file a motion for new
trial; and (3) Franklin's notice of appeal was not filed until August 6, 2003.

 A timely notice of appeal is necessary to invoke this Court's jurisdiction. Olivo v. State, 918
S.W.2d 519, 522 (Tex. Crim. App. 1996). Rule 26.2(a) prescribes the time period in which a notice
of appeal must be filed by the defendant in order to perfect an appeal in a criminal case. A
defendant's notice of appeal is timely if filed within thirty days after the day sentence is imposed or
suspended in open court, or within ninety days after sentencing if the defendant timely files a motion
for new trial. Tex. R. App. P. 26.2(a); Olivo, 918 S.W.2d at 522. 

 When a defendant appeals from a conviction in a criminal case, the time to file a notice of
appeal runs from the date sentence is imposed or suspended in open court, not from the date sentence
is signed and entered by the trial court. Rodarte v. State, 860 S.W.2d 108, 109 (Tex. Crim. App.
1993). The last date allowed for Franklin to timely file his notice of appeal, without a timely filed
motion for new trial, was April 30, 2003, thirty days after the day the sentence was imposed. Tex.
R. App. P. 26.2(a)(1). Because Franklin did not file his notice of appeal until August 6, 2003, he
failed to perfect this appeal. Accordingly, we dismiss the appeal for want of jurisdiction.




 Jack Carter

 Justice


Date Submitted: August 26, 2003

Date Decided: August 27, 2003


Do Not Publish