COURT OF
APPEALS

                                                    EIGHTH DISTRICT
OF TEXAS

                                                               EL
PASO, TEXAS

 

                                                                              )     

JAYESH SURYAKANT PATEL,                         )                    No. 
08-02-00472-CR

                                                                              )

Appellant,                          )                             Appeal from

                                                                              )     

v.                                                                           )                     County Court at Law

                                                                              )

THE STATE OF TEXAS,                                     )                    of Ector County, Texas

                                                                              )

Appellee.                           )                           (TC# 01-1989)

 

O
P I N I O N

 

Pending
before the Court is Appellant=s
motion for out of time appeal because Appellant=s
attorney inadvertently filed the notice of appeal after the deadline for
perfecting appeal had expired.  We deny
Appellant=s motion
and dismiss the appeal for want of jurisdiction.  

The
record before us reflects that Appellant=s
sentence for harassment was imposed in open court on July 18, 2002.  Appellant timely filed a motion for new
trial.  He filed notice of appeal on
October 24, 2002 but he did not file an accompanying motion for extension of
time.  By letter dated November 4, 2002,
we notified in Appellant in writing of our intent to dismiss this appeal for
want of jurisdiction because the appeal had not been timely perfected.  Appellant filed his motion for an out of time
appeal on November 14, 2002.








A
timely notice of appeal is necessary to invoke this Court=s jurisdiction.  Olivo v. State, 918 S.W.2d 519, 522
(Tex.Crim.App. 1996).  Rule 26.2(a)
prescribes the time period in which notice of appeal must be filed by the
defendant in order to perfect appeal in a criminal case.  A defendant=s
notice of appeal is timely if filed within thirty days after the day sentence
is imposed or suspended in open court, or within ninety days after sentencing
if the defendant timely files a motion for new trial. Tex.R.App.P. 26.2(a); Olivo, 918 S.W.2d at 522.  Pursuant to Rule 26.3, a court of appeals may
grant an extension of time to file notice of appeal if the notice is filed
within fifteen days after the last day allowed and, within the same period, a
motion is filed in the court of appeals reasonably explaining the need for the
extension of time.  Tex.R.App. P. 26.3; Olivo, 918
S.W.2d at 522.  Under Rule 26.3, a late
notice of appeal may be considered timely so as to invoke a court of appeals'
jurisdiction if (1) it is filed within fifteen days of the last day allowed for
filing, (2) a motion for extension of time is filed in the court of appeals
within fifteen days of the last day allowed for filing the notice of appeal,
and (3) the court of appeals grants the motion for extension of time.  Olivo, 918 S.W.2d at 522.








When
a defendant appeals from a conviction in a criminal case, the time to file
notice of appeal runs from the date sentence is imposed or suspended in open
court, not from the date sentence is signed and entered by the trial court.  Rodarte v. State, 860 S.W.2d 108, 109
(Tex.Crim.App. 1993).  The last date
allowed for timely filing of the notice of appeal was October 16, 2002, ninety
days after the day the sentence was imposed in open court.  Tex.R.App.P.
26.2(a)(1).  Because Appellant did not
file his notice of appeal until October 24, 2002, and he failed to timely file
a motion for extension of time, he failed to perfect this appeal.  We are unable to grant Appellant=s motion for an out-of-time
appeal.  The Court of Criminal Appeals
has exclusive jurisdiction to address this request in the context of an
application for writ of habeas corpus.  See
Tex.Code Crim.Proc.Ann. art.11.07
(Vernon Supp. 2003).  Accordingly, we
deny Appellant=s motion
and dismiss the appeal for want of jurisdiction.

 

 

January 16, 2003

                                                                        


ANN CRAWFORD
McCLURE, Justice

 

Before Panel No. 4

Barajas, C.J., Larsen, and
McClure, JJ.

 

(Do Not Publish)