COURT OF APPEALS









COURT OF APPEALS

EIGHTH DISTRICT OF TEXAS

EL PASO, TEXAS

 




 
 
  
 JOSE
 CARMONA,
  
                             Appellant,
  
 v.
  
 THE STATE OF
 TEXAS,
  
                             Appellee.
 
 
  
 '
  
 '
  
 '
  
 '
  
 '
 
 
  
 No. 08-04-00019-CR
  
 Appeal from the
  
 109th District Court
  
 of Andrews County, Texas
  
 (TC#4077)
 
 




 

MEMORANDUM
OPINION

This is an attempted appeal from Jose
Carmona=s conviction on three counts of
aggravated sexual assault of a child and two counts of indecency with a
child.  Appellant was found guilty and
sentenced by a jury to ten years in prison on the first count, and five years
in prison each on the remaining counts. 
The issue before us is whether appellant timely filed his notice of
appeal.  We conclude that he did not and
dismiss the attempted appeal for want of jurisdiction.








The record before us reflects that
sentence was imposed in open court on October 9, 2003.  Appellant filed a motion for new trial on
October 31, 2003.  His notice of appeal
was filed on January 26, 2004.  By letter
dated January 28, 2004, we notified appellant in writing of our intent to
dismiss this appeal for want of jurisdiction. 
On February 20, 2004, he filed a motion for extension of time to file
notice of appeal.

A timely notice of appeal is
necessary to invoke this Court=s jurisdiction.  Olivo
v. State, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996).  Tex.
R. App. P. 26.2(a) prescribes the time period in which notice of appeal
must be filed by the defendant in a criminal case.  A defendant=s notice of appeal is timely if filed
within thirty days after the day sentence is imposed or suspended in open
court, or within ninety days after sentencing if the defendant timely files a
motion for new trial.  Tex. R. App. P. 26.2(a); Olivo,
918 S.W.2d at 522.  Pursuant  to Rule 26.3, a court of appeals may grant an
extension of time to file notice of appeal if the notice is filed within
fifteen days after the last day allowed and, within the same period, a motion
is filed in the court of appeals reasonably explaining the need for the
extension of time.  Tex. R. App. 
P. 26.3; Olivo, 918 S.W.2d at 522.  Under Rule 26.3, a late notice of appeal may
be considered timely so as to invoke a court of appeals= jurisdiction if (1) it is filed
within fifteen days of the last day allowed for filing, (2) a motion for
extension of time is filed in the court of appeals within fifteen days of the
last day allowed for filing the notice of appeal, and (3) the court of appeals
grants the motion for extension of time.  Olivo, 918 S.W.2d at 522.








When a defendant appeals from a
conviction in a criminal case, the time to file notice of appeal runs from the
date sentence is imposed or suspended in open court, not from the date sentence
is signed and entered by the trial court. 
Rodarte v. State, 860 S.W.2d 108, 109 (Tex. Crim. App.
1993).  As Carmona filed a motion for a
new trial, the last date allowed for timely filing of the notice of appeal was
January 7, 2004, ninety days after the day the sentence was imposed in open
court.  Tex.
R. App. P. 26.2(a)(2).

Because appellant did not file his
notice of appeal until January 26, 2004, and did not file his motion for
extension of time to file notice of appeal until February 20, 2004, he failed
to perfect this appeal.  Accordingly, we
dismiss the appeal for want of jurisdiction. 
As we have no jurisdiction, we have no authority to act upon his motion
for extension of time to file notice of appeal and motion to appoint counsel
and to proceed in forma pauperis.  They
are dismissed.

The proper remedy to obtain an
out-of-time appeal is to file a petition for writ of habeas corpus returnable
to the Court of Criminal Appeals.  See
Tex. Code Crim. Proc. Ann. art.
11.07 (Vernon Supp. 2004).

 

SUSAN
LARSEN, Justice

April 1, 2004

 

Before Panel No. 1

Larsen, McClure, and Chew,
JJ.

 

(Do Not Publish)