IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. AP-75,172






EX PARTE KENNETH KYLE KEY, Applicant






ON APPLICATION FOR A WRIT OF HABEAS CORPUS


FROM ECTOR COUNTY






 Per Curiam.


O P I N I O N 




 This is a post-conviction application for a writ of habeas corpus forwarded to this
Court pursuant to Tex. Code Crim. Proc. art. 11.07, § 3, et seq.. Applicant was convicted
of the felony offense of murder, and punishment was assessed at ninety-nine years'
confinement. Applicant's appeal was dismissed as untimely on July 9, 1998.

 Applicant contends, inter alia, that he was denied his right to appeal. The trial court
entered a recommendation to deny relief. However, we disagree. Tex. Code Crim. Proc.
art. 26.04 (j) (2), requires appointed counsel to "represent the defendant until charges are
dismissed, the defendant is acquitted, appeals are exhausted, or the attorney is relieved of his
duties or replaced by other counsel." The duty to perfect an appeal attaches whether counsel
is appointed or retained. See Ex parte Axel, 757 S.W.2d 369 (Tex. Crim. App. 1988). 
Knowing that applicant wanted to appeal, counsel had the duty to timely file a motion for
new trial or give timely notice of appeal, unless relieved by the trial court or replaced by
other counsel. 

 In this case, applicant was sentenced in open court on December 4, 1997. Therefore,
the thirty-day period for filing a notice of appeal began to run on that date. See Rodarte v.
State, 860 S.W.2d 108, 110 (Tex. Crim. App. 1993). However, appellate counsel was not
appointed until January 6, 1998, one day before the trial court signed the judgment and
sentence. Because appellate counsel was not even appointed until after the period for filing
a notice of appeal had expired, and there is no evidence that trial counsel was relieved by the
trial court until that date, applicant was denied his right to appeal by trial counsel's failure
to file a timely motion for a new trial and/or notice of appeal.

 Habeas corpus relief is granted and applicant is granted an out-of-time appeal from
his conviction in cause number D-26,132-A&B from the 358th District Court of Ector
County. The proper remedy in a case such as this is to return applicant to the point at which
he can give notice of appeal. For purposes of the Texas Rules of Appellate Procedure, all
time limits shall be calculated as if the conviction had been entered on the day that the
mandate of this Court issues. We hold that applicant, should he desire to prosecute an
appeal, must take affirmative steps to see that notice of appeal is given within thirty days
after the mandate of this Court has issued.

 Applicant's remaining claims are dismissed. See Ex parte Torres, 943 S.W.2d 469
(Tex. Crim. App. 1997).

DO NOT PUBLISH

DELIVERED: May 18, 2005