In The
Court of Appeals
Sixth Appellate District of Texas at Texarkana

______________________________

No. 06-05-00210-CR
______________________________


ANTRON RAMMEL BLAYLOCK, Appellant
 
V.
 
THE STATE OF TEXAS, Appellee


                                              

On Appeal from the 115th Judicial District Court
Upshur County, Texas
Trial Court No. 13,170


                                                 



Before Morriss, C.J., Ross and Carter, JJ.
Memorandum Opinion by Justice Carter


MEMORANDUM OPINION

            Antron Rammel Blaylock appeals from his conviction for the offense of delivery of a
controlled substance. He was sentenced to sixty-five years' confinement. Sentence was imposed
April 12, 2005, and Blaylock timely filed a motion for new trial May 2, 2005. See Tex. R. App. P.
21.4(a).
            The Texas Rules of Appellate Procedure provide that a notice of appeal must be filed with
the trial court within ninety days after the day sentence was imposed or suspended in open court if
the defendant timely filed a motion for new trial. Tex. R. App. P. 26.2(a)(2). Blaylock's notice of
appeal was due July 11, 2005. Blaylock filed his notice of appeal with the trial court clerk
August 12, 2005, 122 days after the trial court imposed sentence.
            Because Blaylock's notice of appeal was filed 122 days after the date sentence was imposed,
it was not timely filed.


 We therefore lack jurisdiction over the appeal. Rodarte v. State, 860 S.W.2d
108, 110 (Tex. Crim. App. 1993). 
            We dismiss Blaylock's appeal for want of jurisdiction.
 

                                                                        Jack Carter
                                                                        Justice
 
Date Submitted:          September 22, 2005
Date Decided:             September 23, 2005

Do Not Publish



s filed, April 11, 2002, is incorrect
and the suit was actually filed on January 5, 2001. Thus, the action was not barred by either the four-
or the six-year statute of limitations. See Tex. Bus. & Com. Code Ann. § 3.118 (Vernon 2002);
Tex. Civ. Prac. & Rem. Code Ann. § 16.004(3) (Vernon 2002).
 
 
 
            We affirm the judgment of the trial court.
 
                                                                                    William J. Cornelius*
                                                                                    Justice

*Chief Justice, Retired, Sitting by Assignment

Date Submitted:          April 20, 2004
Date Decided:             June 30, 2004