ALLEN V. STATE 



NO. 07-06-0211-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL C



DECEMBER 7, 2006


______________________________



ERSKINE L.T. ALLEN, JR., 



 Appellant


v.



THE STATE OF TEXAS, 



 Appellee

_________________________________



FROM THE 137TH DISTRICT COURT OF LUBBOCK COUNTY;



NO. 22,580; HON. CECIL PURYEAR, PRESIDING


_______________________________



Abatement and Remand


_______________________________



Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

 Erskine L.T. Allen, Jr. (appellant) perfected an appeal from the trial court's denial
of his motion for DNA testing. Pending before this court is his appointed counsel's motion
to withdraw. From the contents of the motion, it appears that a conflict of interest exists
between appellant and his appointed counsel. Thus, we grant the motion of counsel to
withdraw. We further abate and remand the case to the 137th Judicial District Court and
order the judge of that court to appoint new counsel to represent appellant in this appeal. 
The name, address, telephone number, and state bar number of the newly appointed
attorney shall be included in the order of appointment. The trial judge shall also cause the
order appointing new counsel to be filed with this court, on or before January 5, 2007, via
a supplemental clerk's record. Finally, the appellant's brief (which may include an Anders
brief if warranted) will be due on or before February 5, 2007. 

 It is so ordered.

 Per Curiam


Do not publish.



n. Thus, we cannot create jurisdiction where
none exists. Id. See also, Slaton v. State, 981 S.W.2d 208, 209-10 (Tex.Cr.App. 1998).

 Appellant's sentence was imposed on August 3, 2005, although the order
adjudicating her guilty was not signed until August 22, 2005. However, in a criminal case,
the time for perfecting an appeal commences on the date sentence is imposed. Tex. R.
App. P. 26.2(a). See also Rodarte v. State, 860 S.W.2d 108, 109 (Tex.Cr.App. 1993). No
motion for new trial was filed, and although appellant did file a pro se motion to retract her
guilty plea, under the Texas Rules of Appellate Procedure, it does not extend the time for
perfecting an appeal. Cf. Rule 26.1(a) which extends the time for perfecting an appeal in
a civil case to 90 days if a motion for new trial, motion to modify, motion to reinstate, or a
request for findings of fact and conclusions of law is filed. The criminal counterpart, Rule
26.2(a)(2), provides a 90-day extension only if a motion for new trial is filed. We conclude
appellant's notice of appeal filed on September 8, 2005, was untimely and although it was
filed within the 15-day extension period, it was unaccompanied by a motion for extension
of time reasonably explaining the delay.

 Accordingly, the purported appeal is dismissed for want of jurisdiction. (1)

 Don H. Reavis

 Justice

 

Do not publish.
1. Appellant may have recourse by filing a post-conviction writ of habeas corpus
returnable to the Court of Criminal Appeals for consideration of an out-of-time appeal. See
Tex. Code Crim. Proc. Ann. art. 11.07 (Vernon Supp. 2004-05).