In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-06-00216-CR


______________________________




GLEN RAY BIGHAM, Appellant



V.



THE STATE OF TEXAS, Appellee




 


On Appeal from the 402nd Judicial District Court


Wood County, Texas


Trial Court No. 18,602-2004




 




Before Morriss, C.J., Carter and Moseley, JJ.


Memorandum Opinion by Chief Justice Morriss



MEMORANDUM OPINION



 Glen Ray Bigham has appealed the trial court's judgment revoking his community
supervision for the crime of possession of cocaine (in an amount of less than four grams) in trial
court cause number 18,602-2004. His community supervision was also revoked in two other cases,
which he also appealed. All three cases were tried simultaneously and resulted in similar
punishments. The issues raised in this appeal are identical to those raised in one of his companion
appeals, Bigham v. State, cause number 06-06-00215-CR.

 Since the arguments raised in this case are identical to those raised in his companion appeal,
for the reasons stated in Bigham v. State, cause number 06-06-00215-CR, we likewise resolve the
issues in this appeal in favor of the State. See also Bigham v. State, cause number 06-06-00214-CR.

 We affirm the judgment of the trial court.



 Josh R. Morriss, III

 Chief Justice


Date Submitted: July 13, 2007

Date Decided: August 1, 2007


Do Not Publish




ded
in open court, or within ninety days after sentencing if the defendant timely files a motion for new
trial. Tex. R. App. P. 26.2(a); Olivo, 918 S.W.2d at 522. A court of appeals may consider a late
notice of appeal timely to invoke jurisdiction if: (1) it is filed within fifteen days of the last day
allowed for filing; (2) a motion for extension of time is filed in the court of appeals within fifteen
days of the last day allowed for filing the notice of appeal; and (3) the court of appeals grants the 




motion for extension of time. Olivo, 918 S.W.2d at 522. Here, none of the criteria listed above were
met in the filing of Lewis' notice of appeal. 

 When a defendant appeals from a conviction in a criminal case, the time to file a notice of
appeal runs from the date sentence is imposed or suspended in open court, not from the date sentence
is signed and entered by the trial court. Rodarte v. State, 860 S.W.2d 108, 109 (Tex. Crim. App.
1993). The last date allowed for Lewis to timely file his notice of appeal was March 11, 2003, ninety
days after the day sentence was imposed in open court. See Tex. R. App. P. 26.2(a)(1). Because
Lewis did not file his notice of appeal until July 1, 2003, he failed to perfect this appeal.
Accordingly, we dismiss the appeal for want of jurisdiction.



 Josh R. Morriss, III

 Chief Justice


Date Submitted: August 13, 2003

Date Decided: August 14, 2003


Do Not Publish