

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. PD-1187-07

**IVAN JOHNSON, Appellant**

**v.**

**THE STATE OF TEXAS**

### ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW
### FROM THE THIRD COURT OF APPEALS
### LLANO COUNTY

KEASLER, J., filed a dissenting opinion in which KELLER, P.J., and HERVEY, J., joined.

### DISSENTING OPINION

I strongly disagree with the decision rendered by the majority. First, the plain language of Article 42.03, Section 1(b)—which we are bound to follow unless ambiguity or absurdity arises[1]—reveals that the statute's applicability to community supervision is not, by any means, a foregone conclusion.[2]

---

[1] *Boykin v. State*, 818 S.W.2d 782, 785 (Tex. Crim. App. 1991).

[2] *Speth v. State*, 6 S.W.3d 530, 532 (Tex. Crim. App. 1999).

Next, even assuming that Article 42.03, Section 1(b) does apply, I believe that the trial judge did not err by imposing 180 days confinement as a condition of Ivan Johnson's community supervision immediately after hearing the victim allocutions. Article 42.12, Section 11(a) allows a trial judge to "alter or modify" the conditions of a defendant's community supervision "at any time[] during the period of [] supervision."[3] Section 12(a) of Article 42.12 authorizes a trial judge, in felony cases, to impose, as a condition of community supervision, a term of confinement not exceeding 180 days.[4] A trial judge may order confinement as a condition of supervision when "placing the defendant on supervision or at any time during the supervision period."[5] Article 42.03, Section 1(b) guards against bias at sentencing by prohibiting a judge from hearing victim allocutions before imposing conditions of supervision.[6] But Sections (11)(a), 12(a), and 12(c) to Article 42.12 afford the judge broad discretion in determining exactly when to impose a term of confinement. These statutes can be reconciled. The various provisions that govern when a judge can impose conditions of community supervision under Article 42.12 are specific statutes that trump the

---

[3] TEX. CODE CRIM. PROC. ANN. art. 42.12 § 11(a); *see also* TEX. CODE CRIM. PROC. ANN. art. 42.12 § 10(a).

[4] TEX. CODE CRIM. PROC. ANN. art. 42.12 § 12(a).

[5] TEX. CODE CRIM. PROC. ANN. art. 42.12 § 12(c).

[6] TEX. CODE CRIM. PROC. ANN. art. 42.03 § 1(b).

general rule set out in Article 42.03, Section 1(b) when applicable.[7]

Now I turn to the majority's reasoning and holding. First, the majority contends that, in *Aguilera v. State*,[8] I, joined by three members of the Court, stated that a trial judge errs when changing, altering, or modifying a sentence or the conditions of community supervision immediately after a victim allocution. *Aguilera* addressed the propriety of a trial judge's decision to resentence a defendant to a lesser term of imprisonment immediately after the victim allocution was read but before the judge adjourned for the day.[9] *Aguilera* did not address the specific provisions that apply to the conditions of community supervision. Those provisions are what distinguish this case from *Aguilera*, and this crucial distinction leads me to urge a different result in this case.

Furthermore, I cannot understand how the members of the Court, who comprised the majority in *Aguilera*, can now champion the majority's position today. The same members of the Court, who said that it is permissible for a judge to lower a defendant's sentence,[10] now disapprove of a judge's decision to add a term of community supervision under similar circumstances. The majority reaches the result today, presumably, based on the view that

---

[7] *See Ex parte Wilkinson*, 641 S.W.2d 927, 931 (Tex. Crim. App. 1982) (discussing the doctrine of in pari materia).

[8] 165 S.W.3d 695 (Tex. Crim. App. 2005).

[9] *Id.* at 696.

[10] *Id.* at 696-703.

Article 42.03, Section 1(b) was not raised by the State in *Aguilera*.[11] I disagreed with that view when *Aguilera* was issued; the statute was directly implicated in considering the trial judge's plenary power to modify the defendant's sentence.[12] In the words of Justice Jackson, the majority "changed positions as nimbly as if dancing a quadrille."[13] I find this contradictory stance to be ludicrous.

Finally, the majority contends that the trial judge did not alter or modify the conditions of community supervision because the 180-day confinement term was part of the original judgment, which was signed the same day Johnson was placed on supervision. In making this argument, the majority ignores our case law that says a trial judge's oral pronouncement of a sentence, or suspension of a sentence, controls over a written judgment.[14] Here, the trial judge accepted the jury's recommendation to suspend Johnson's five-year sentence and place him on community supervision. The trial judge told Johnson, in open court, that he was imposing the standard conditions of probation and requiring Johnson to register as a sex offender. After this, the judge heard the victim allocutions. The judge then imposed two additional conditions—that Johnson sell his home and that he serve 180 days in jail. Johnson agreed to the first but objected to the second. By adding the 180-day term of confinement

---

[11] *Id.* at 699 (Cochran, J., concurring).

[12] *Id.* at 706 (Keasler, J., dissenting).

[13] *Orloff v. Willoughby*, 345 U.S. 83, 87 (1953).

[14] *Rodarte v. State*, 860 S.W.2d 108, 109-10 (Tex. Crim. App. 1993).

to the conditions of Johnson's supervision, the judge altered or modified the conditions previously announced.

Based on the foregoing reasons, I dissent to the Court's judgment.


DATE FILED: June 17, 2009
PUBLISH