Court of Appeals
Fourth Court of Appeals District of Texas
San Antonio



## MEMORANDUM OPINION

No. 04-10-00867-CR

Scott Patrick **HIGBY**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the County Court at Law, Kerr County, Texas
Trial Court No. CR010689
Honorable Spencer W. Brown, Judge Presiding

PER CURIAM

Sitting:     Phylis J. Speedlin, Justice
             Rebecca Simmons, Justice
             Steven C. Hilbig, Justice

Delivered and Filed:  March 2, 2011

DISMISSED FOR WANT OF JURISDICTION

Appellant seeks to appeal from an order signed on October 15, 2010 denying appellant's

"Motion to Set Aside Conviction and Dismiss Charges."  The notice of appeal was due to be

filed on November 15, 2010. TEX. R. APP. P. 26.2(a)(1).  A motion for extension of time to file

the notice of appeal was due on November 30, 2010. TEX. R. APP. P. 26.3.  Appellant's notice of

appeal was filed on December 3, 2010, and his motion for extension of time was filed on

December 20, 2010; both were filed outside the fifteen-day grace period provided by Rule 26.3.

*Id.* A late notice of appeal invokes the appellate court's jurisdiction in a criminal case only if (1) it is filed within fifteen days of the last day allowed for filing the notice of appeal, (2) a motion for extension of time is filed in the court of appeals within the fifteen-day grace period, and (3) the court of appeals grants the motion for extension of time. *Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996).

This court issued an order on January 25, 2011 directing appellant to show cause why this appeal should not be dismissed for lack of jurisdiction. Appellant responded by letter stating that his notice of appeal and motion for extension were mailed by certified mail on December 1, 2010, and December 10, 2010, respectively; appellant requests that we suspend the operation of Rules 26.2(a)(1) and 26.3 on the basis that appellant's notice of appeal and motion for extension were mailed "only a few days outside the 15-day grace period." *See* TEX. R. APP. P. 2. The copies of the certified mail receipts attached to appellant's letter reflect only hand-written notations of the date mailed, and do not contain the official endorsement by the United States Postal Service that is required for proof of mailing. *See* TEX. R. APP. P. 9.2(b)(2)(B). Even if we accepted the receipts as proof of mailing the notice of appeal on December 1, 2010 and the motion for extension of time on December 10, 2010, both were mailed after November 30, 2010, the last day of the 15-day grace period provided by Rule 26.3. TEX. R. APP. P. 26.3.

A timely notice of appeal is necessary to invoke a court of appeals' jurisdiction. *Olivo*, 918 S.W.2d at 522; *Rodarte v. State*, 860 S.W.2d 108, 109-110 (Tex. Crim. App. 1993). When both a notice of appeal and a motion for extension of time are not filed within the 15-day grace period, the appellate court lacks jurisdiction to hear the appeal. TEX. R. APP. P. 26.3; *Olivo*, 918 S.W.2d at 522. Rule 2 of the Texas Rules of Appellate Procedure permitting suspension of a rule's operation for good cause does not allow an appellate court to create jurisdiction where

none exists. *Olivo*, 918 S.W.2d at 523 (noting that the appellate rules do not establish a court of appeals' jurisdiction, but simply provide procedures for litigants to follow in order to invoke the jurisdiction of a court of appeals). In criminal cases, "[j]urisdiction cannot be 'substantially' invoked; it either attaches or it does not." *Id.* at 525 (quoting *Drew v. State*, 743 S.W.2d 207, 223 (Tex. Crim. App. 1987)). Here, because the notice of appeal and motion for extension were both filed after expiration of the 15-day grace period, this court lacks jurisdiction over this appeal. Accordingly, this appeal must be dismissed for lack of jurisdiction. TEX. R. APP. P. 43.2(f).

PER CURIAM

DO NOT PUBLISH