# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-12-00510-CR

**Angela DeAnn McCombs, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF BELL COUNTY, 27TH JUDICIAL DISTRICT
### NO. 59453, HONORABLE JOE CARROLL, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellant Angela Deann McCombs waived a jury and pleaded guilty to aggravated assault with a deadly weapon, a baseball bat. *See* Tex. Penal Code Ann. § 22.02 (West 2011). The trial court deferred adjudicating guilt and placed appellant on community supervision for ten years. The State later moved to proceed with adjudication of guilt, alleging appellant violated the terms of her community supervision. After appellant entered pleas of true to the allegations in the State's motion to adjudicate, the trial court adjudicated her guilty and assessed punishment at five years in prison. In a single issue on appeal, appellant contends that the trial court's judgment should be modified to correct the date she was originally placed on community supervision. We affirm the trial court's judgment.

Appellant was originally sentenced to community supervision in open court on July 6, 2006. The written order of deferred adjudication recites the date of judgment as July 6, 2006, and states that appellant's community supervision commenced on that date. This is the same date

reflected in the trial court's written judgment adjudicating guilt as the "Date of Original Community Supervision Order." Appellant contends, however, that the trial court's judgment is incorrect because the trial court should have used the date that the order of deferred adjudication was signed and filed, which was July 10, 2006. Because appellant's community supervision was imposed and commenced on July 6, 2006, as recited in the order of deferred adjudication, we find no error in the trial court's judgment adjudicating guilt. *Cf.* Tex. Code. Crim. Proc. Ann. art. 42.01, § 1 (West Supp. 2012) ("The sentence served shall be based on the information contained in the judgment."); Tex. R. App. P. 26.2(a) (appellate timetables commence either on date sentence is imposed in open court or day after appealable order is entered); *Rodarte v. State*, 860 S.W.2d 108, 109 n.1 (Tex. Crim. App. 1993) (appellate timetables commence when sentence is imposed or suspended even if judgment is not signed until later: "The written judgment 'is merely a record of events which have occurred in fact. The written judgment is not itself the conviction but evidence, among other things, that a conviction has occurred.'" (quoting *Jones v. State*, 795 S.W.2d 199, 202 (Tex. Crim. App. 1990))). The trial court's judgment is therefore affirmed.

_____

J. Woodfin Jones, Chief Justice

Before Chief Justice Jones, Justices Rose and Goodwin

Affirmed

Filed: December 6, 2012

Do Not Publish