

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-15-00021-CR

_____

VIRGINIA SMITH, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 102nd District Court
Bowie County, Texas
Trial Court No. 13F 1078-102

Before Morriss, C.J., Moseley and Burgess, JJ.
Memorandum Opinion by Justice Burgess

## MEMORANDUM OPINION

Virginia Smith pled guilty to injury to a child and, following a jury trial on the issue of punishment, was sentenced to eight years' incarceration. The issue before us is whether Smith timely perfected her direct appeal from this conviction and sentence. We conclude that she did not and dismiss the appeal for want of jurisdiction.

A timely notice of appeal is necessary to invoke this Court's jurisdiction. *Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996) (citing *Rodarte v. State*, 860 S.W.2d 108 (Tex. Crim. App. 1993)). Under the Texas Rules of Appellate Procedure, a notice of appeal in a criminal case must be filed "within 30 days after the day sentence is imposed or suspended in open court." TEX. R. APP. P. 26.2(a)(1). That thirty-day deadline is extended to ninety days if a motion for new trial is timely filed in the trial court. TEX. R. APP. P. 26.2(a)(2). In the absence of a notice of appeal filed within that time frame, this Court has no jurisdiction to consider the appeal. *See Olivo*, 918 S.W.2d at 522.

Sentence was imposed in this matter on December 11, 2014, and Smith did not file a motion for new trial or any other pleading that would extend the deadline for filing a notice of appeal; consequently, notice of Smith's direct appeal from the December 11, 2014, conviction was due January 12, 2015. *See* TEX. R. APP. P. 26.2. Smith's notice of appeal, which was dated January 29, 2015, was filed by the Bowie County District Clerk's Office on February 4, 2015. Even after drawing all reasonable inferences in Smith's favor and considering the notice filed as of January 29, 2015, the notice was not filed by the January 12, 2015, deadline. Consequently, Smith's notice of appeal was untimely. *See* TEX. R. APP. P. 26.2.

We notified Smith by letter dated February 11, 2015, of the apparent defect in our jurisdiction over this matter and afforded her the opportunity to respond and, if possible, cure such defect. While Smith responded to our letter, she provided no information that alters the jurisdictional analysis in this case.

Because Smith's notice of appeal is untimely, we dismiss this appeal for want of jurisdiction.

Ralph K. Burgess
Justice

Date Submitted:     March 16, 2015
Date Decided:      March 17, 2015

Do Not Publish