

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-23-00106-CR
_____

JUSTIN ALAN HOHSTADT, Appellant

V.

THE STATE OF TEXAS

On Appeal from the 415th District Court
Parker County, Texas
Trial Court No. CR21-0847

Before Birdwell, Bassel, and Womack, JJ.
Per Curiam Memorandum Opinion

## MEMORANDUM OPINION

Appellant Justin Alan Hohstadt attempts to appeal his conviction for evading arrest with a vehicle. *See* Tex. Penal Code Ann. § 38.04(b)(2)(A) (evading-arrest offense with a previous conviction). Hohstadt did not file a motion for new trial, making his notice of appeal due within 30 days of the September 14, 2022 judgment of conviction. *See* Tex. R. App. P. 26.2(a)(1). However, Hohstadt did not file his notice of appeal until May 15, 2023.

We notified Hohstadt of our concern that we might not have jurisdiction over his appeal and informed him that unless he filed a response showing grounds for continuing the appeal by May 25, 2023, we would dismiss it. *See* Tex. R. App. P. 44.3. We have received no response from Hohstadt.

Because Hohstadt's notice of appeal was not timely and because a timely notice of appeal is an essential component of our jurisdiction, we dismiss the appeal for want of jurisdiction. *See* Tex. R. App. P. 25.2(b), 26.2(a)(1), 43.2(f); *Slaton v. State*, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998); *see also Rodarte v. State*, 860 S.W.2d 108, 110 (Tex. Crim. App. 1993) (discussing the rule of appellate procedure that preceded Rule 26.2, which likewise required the filing of a notice of appeal within 30 days after the imposition of a sentence, and dismissing an untimely appeal for want of jurisdiction).

Per Curiam

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered: June 8, 2023