

## Fourth Court of Appeals
### San Antonio, Texas

## MEMORANDUM OPINION

No. 04-23-00722-CR

Demetric D. **JACKSON**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 187th Judicial District Court, Bexar County, Texas
Trial Court No. 2023CR0684
Honorable Stephanie R. Boyd, Judge Presiding

PER CURIAM

Sitting:      Patricia O. Alvarez, Justice
              Luz Elena D. Chapa, Justice
              Irene Rios, Justice

Delivered and Filed: October 11, 2023

DISMISSED FOR WANT OF JURISDICTION

On January 24, 2023, Appellant Demetric Deshawn Jackson was charged with one count of domestic violence strangulation as a repeat offender. On June 1, 2023, he pleaded no contest, and the trial court sentenced him to six years' imprisonment and a $500 fine. The trial court certified that Appellant had no right of appeal. *See* TEX. R. APP. P. 25.2(a)(2), (d).

Even if Appellant had obtained the trial court's permission to appeal, "[a] timely notice of appeal is necessary to invoke a court of appeals' jurisdiction." *Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996) (citing *Rodarte v. State*, 860 S.W.2d 108 (Tex. Crim. App. 1993)). In this

case, Appellant filed a notice of appeal on July 25, 2023, after the deadline for perfecting an appeal. *Contra* TEX. R. APP. P. 26.2(a). *See id.* R. 25.2(a)(2).

On September 1, 2023, we issued an order to show cause, requiring Appellant to explain why the appeal should not be dismissed for wanted of jurisdiction both because his notice of appeal was untimely[1] and because the trial court certified that he did not have a right to appeal.[2] We warned Appellant that if he failed to provide a reasonable explanation, his appeal would be dismissed without further notice. Appellant filed a response, conceding that we must dismiss the appeal for want of jurisdiction.

We now dismiss the purported appeal for want of jurisdiction.

PER CURIAM

Do Not Publish

---

[1] A timely notice of appeal is necessary to invoke a court of appeals' jurisdiction. *Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996).
[2] *See* TEX. R. APP. P. 25.2(a)(2)