Becker v. State



COURT OF APPEALS


EIGHTH DISTRICT OF TEXAS


EL PASO, TEXAS



)


FRANK BARRAZA a.k.a. )


JESUS MIGUEL AGUIRRE BARRAZA,
)
 No. 08-03-00147-CR

)


 Appellant,
)
 Appeal from

)
 

v.
)
 168th District Court

)


THE STATE OF TEXAS,
)
 of El Paso County, Texas

)


 Appellee.
)
 (TC# 20020d06160)


MEMORANDUM OPINION



 Frank Barraza, a.k.a. Jesus Miguel Aguirre Barraza, appeals from his conviction for
possession with intent to deliver cocaine. Appellant waived his right to a jury trial and entered a
negotiated plea of guilty. The trial court assessed punishment in accordance with the plea bargain
at imprisonment for a term of twelve years. We dismiss the appeal for want of jurisdiction.

 The record before us reflects that sentence was imposed in open court on February 3, 2003. 
At the conclusion of that hearing, Appellant acknowledged in response to the trial court's
questioning that he had not filed any pretrial motions and the trial court had not granted him
permission to appeal. Appellant did not file a motion for new trial. Although represented by
counsel, Appellant filed a pro se notice of appeal on April 1, 2003. (1) That notice of appeal does not
contain the certification required by Tex.R.App.P. 25.2. By letter dated April 14, 2003, we notified 
Appellant in writing of our intent to dismiss this appeal for want of jurisdiction because the notice
of appeal had not been timely filed. Given the apparent lack of jurisdiction, our letter did not ask
counsel to address Appellant's failure to comply with Rule 25.2's certification requirement. (2) 
Appellant's court-appointed attorney filed a response acknowledging that Appellant filed the notice
of appeal in the wrong cause number but he requests leave of court to pursue the appeal. 

 A timely notice of appeal is necessary to invoke this Court's jurisdiction. Olivo v. State, 918
S.W.2d 519, 522 (Tex.Crim.App. 1996). Rule 26.2(a) prescribes the time period in which notice of
appeal must be filed by the defendant in order to perfect appeal in a criminal case. A defendant's
notice of appeal is timely if filed within thirty days after the day sentence is imposed or suspended
in open court, or within ninety days after sentencing if the defendant timely files a motion for new
trial. Tex.R.App.P. 26.2(a); Olivo, 918 S.W.2d at 522. Pursuant to Rule 26.3, a court of appeals
may grant an extension of time to file notice of appeal if the notice is filed within fifteen days after
the last day allowed and, within the same period, a motion is filed in the court of appeals reasonably
explaining the need for the extension of time. Tex.R.App. P. 26.3; Olivo, 918 S.W.2d at 522. Under
Rule 26.3, a late notice of appeal may be considered timely so as to invoke a court of appeals'
jurisdiction if (1) it is filed within fifteen days of the last day allowed for filing, (2) a motion for
extension of time is filed in the court of appeals within fifteen days of the last day allowed for filing
the notice of appeal, and (3) the court of appeals grants the motion for extension of time. Olivo, 918
S.W.2d at 522.

 When a defendant appeals from a conviction in a criminal case, the time to file notice of
appeal runs from the date sentence is imposed or suspended in open court, not from the date sentence
is signed and entered by the trial court. Rodarte v. State, 860 S.W.2d 108, 109 (Tex.Crim.App.
1993). The last date allowed for timely filing of the notice of appeal was March 5, 2003, thirty days
after the day the sentence was imposed in open court. Tex.R.App.P. 26.2(a)(1). Because Appellant
did not file his notice of appeal until April 1, 2003 and he had not previously filed a motion to extend
time in which to file notice of appeal, he failed to perfect this appeal. Accordingly, we dismiss the
appeal for want of jurisdiction.


May 15, 2003 

 ANN CRAWFORD McCLURE, Justice


Before Panel No. 4

Barajas, C.J., Larsen, and McClure, JJ.


(Do Not Publish)
1. Appellant initially filed the notice of appeal in the wrong cause number but the district clerk evidently
corrected that error and filed it in the correct cause number.
2. Even if Appellant had timely filed his notice of appeal, the record before us indicates he has no right of appeal
because he is not attempting to appeal a pretrial ruling and he does not have the trial court's permission to appeal any
other matter. See Tex.R.App.P. 25.2(a)(2). Therefore, Rule 25.2(d) would require dismissal. Tex.R.App.P. 25.2(d).