In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-03-00131-CR


______________________________




DAMON EARL LEWIS, Appellant



V.



THE STATE OF TEXAS, Appellee




 


On Appeal from the 8th Judicial District Court


Hopkins County, Texas


Trial Court No. 0216854




 




Before Morriss, C.J., Ross and Carter, JJ.


Memorandum Opinion by Justice Ross



MEMORANDUM OPINION



 Damon Earl Lewis attempts to appeal his conviction for aggravated sexual assault
of a child and indecency with a child. Lewis was convicted by a jury and sentenced to
ninety-nine years' imprisonment for sexual assault and twenty years' imprisonment for
indecency with a child. The issue before us is whether Lewis timely filed his notice of
appeal. We conclude he did not and dismiss the attempted appeal for want of jurisdiction.

 On the issue of whether Lewis timely perfected his appeal, the record establishes:
(1) Lewis' sentence was imposed in open court December 11, 2002; (2) Lewis filed a
motion for new trial December 16, 2002; and (3) Lewis' notice of appeal was not filed until
July 1, 2003. 

 A timely notice of appeal is necessary to invoke this Court's jurisdiction. Olivo v.
State, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996). Rule 26.2(a) prescribes the time
period in which a notice of appeal must be filed by a defendant in order to perfect an
appeal in a criminal case. A defendant's notice of appeal is timely if filed within thirty days
after the day sentence is imposed or suspended in open court, or within ninety days after
sentencing if the defendant timely files a motion for new trial. Tex. R. App. P. 26.2(a);
Olivo, 918 S.W.2d at 522. A court of appeals may consider a late notice of appeal timely
to invoke jurisdiction if: (1) it is filed within fifteen days of the last day allowed for filing;
(2) a motion for extension of time is filed in the court of appeals within fifteen days of the
last day allowed for filing the notice of appeal; and (3) the court of appeals grants the
motion for extension of time. Olivo, 918 S.W.2d at 522. Here, none of the criteria listed
above were met in the filing of Lewis' notice of appeal. 

 When a defendant appeals from a conviction in a criminal case, the time to file a
notice of appeal runs from the date sentence is imposed or suspended in open court, not
from the date sentence is signed and entered by the trial court. Rodarte v. State, 860
S.W.2d 108, 109 (Tex. Crim. App. 1993). The last date allowed for Lewis to timely file his
notice of appeal was March 11, 2003, ninety days after the day sentence was imposed in
open court. See Tex. R. App. P. 26.2(a)(1). Because Lewis did not file his notice of appeal
until July 1, 2003, he failed to perfect this appeal. Accordingly, we dismiss the appeal for
want of jurisdiction.




 Donald R. Ross

 Justice


Date Submitted: August 13, 2003

Date Decided: August 14, 2003


Do Not Publish