In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-03-00130-CR


______________________________




DAMON EARL LEWIS, Appellant



V.



THE STATE OF TEXAS, Appellee




 


On Appeal from the 8th Judicial District Court


Hopkins County, Texas


Trial Court No. 0216853




 




Before Morriss, C.J., Ross and Carter, JJ.


Memorandum Opinion by Chief Justice Morriss



MEMORANDUM OPINION



 Damon Earl Lewis attempts to appeal his conviction for aggravated sexual assault of a child
and indecency with a child. Lewis was convicted by a jury and sentenced to ninety-nine years'
imprisonment for aggravated sexual assault and twenty years' imprisonment for indecency with a
child. The issue before us is whether Lewis timely filed his notice of appeal. We conclude he did
not and dismiss the attempted appeal for want of jurisdiction.

 On the issue of whether Lewis timely perfected his appeal, the record establishes: (1) Lewis'
sentence was imposed in open court on December 11, 2002; (2) Lewis filed a motion for new trial
on December 16, 2002; and (3) Lewis' notice of appeal was not filed until July 1, 2003. 

 A timely notice of appeal is necessary to invoke this Court's jurisdiction. Olivo v. State, 918
S.W.2d 519, 522 (Tex. Crim. App. 1996). Rule 26.2(a) prescribes the time period in which a notice
of appeal must be filed by a defendant in order to perfect an appeal in a criminal case. A defendant's
notice of appeal is timely if filed within thirty days after the day sentence is imposed or suspended
in open court, or within ninety days after sentencing if the defendant timely files a motion for new
trial. Tex. R. App. P. 26.2(a); Olivo, 918 S.W.2d at 522. A court of appeals may consider a late
notice of appeal timely to invoke jurisdiction if: (1) it is filed within fifteen days of the last day
allowed for filing; (2) a motion for extension of time is filed in the court of appeals within fifteen
days of the last day allowed for filing the notice of appeal; and (3) the court of appeals grants the 




motion for extension of time. Olivo, 918 S.W.2d at 522. Here, none of the criteria listed above were
met in the filing of Lewis' notice of appeal. 

 When a defendant appeals from a conviction in a criminal case, the time to file a notice of
appeal runs from the date sentence is imposed or suspended in open court, not from the date sentence
is signed and entered by the trial court. Rodarte v. State, 860 S.W.2d 108, 109 (Tex. Crim. App.
1993). The last date allowed for Lewis to timely file his notice of appeal was March 11, 2003, ninety
days after the day sentence was imposed in open court. See Tex. R. App. P. 26.2(a)(1). Because
Lewis did not file his notice of appeal until July 1, 2003, he failed to perfect this appeal. 
Accordingly, we dismiss the appeal for want of jurisdiction.



 Josh R. Morriss, III

 Chief Justice


Date Submitted: August 13, 2003

Date Decided: August 14, 2003


Do Not Publish



ou by yourself?


 . . . .


 A As far as I recall, all of the grand jury . . . . 

 Q And how many of you were there?


 A Six or eight, something like that.

 Q Six or eight. That's what the State requires, six or eight?

 A As far as I know.

 Grand juries in Texas are composed of twelve persons, but only a quorum of nine
is required to transact business. Tex. Const. art. V, § 13; Tex. Code Crim. Proc. Ann.
arts. 19.26(b) (Vernon Supp. 2002), 19.40 (Vernon 1977). The testimony from the grand
jury foreman was given two years after the fact and shows the witness was less than
certain as to the exact number of grand jurors present at the time Taylor was indicted. 
Under questioning by the State on redirect examination, the foreman acknowledged he did
not "know the technicalities of the law," but stated unequivocally that a quorum was present
when the grand jury returned the indictment against Taylor. Taylor's second issue is
overruled.

 In his third issue, Taylor contends the sentencing in this case constitutes double
jeopardy. He bases this contention on a pronouncement made by the trial court at
sentencing:

 And it is the order of this court that the judgment and sentence in this
cause shall begin to run from and after the sentence that you received in
Cause No. 19,753, for aggravated assault on a correctional officer in the 3rd
District Court of Anderson County, Texas. 


 When that sentence has ceased to operate, sir, this sentence shall
begin to run; . . . . 


 Taylor argues that this pronouncement "added onto time credit of Cause No. 19753
before being release [sic] from prison."

 Tex. Code Crim. Proc. Ann. art. 42.08(b) (Vernon Supp. 2002) provides:

 If a defendant is sentenced for an offense committed while the defendant
was an inmate in the institutional division of the Texas Department of
Criminal Justice and the defendant has not completed the sentence he was
serving at the time of the offense, the judge shall order the sentence for the
subsequent offense to commence immediately on completion of the
sentence for the original offense.


 The trial court followed Section 42.08(b) when it made the pronouncement quoted
above, and Taylor has not cited any authority holding such to constitute double jeopardy. 
This issue is overruled. 

 In his fourth issue, Taylor seems to contend that prior convictions used for
enhancement purposes in an indictment are subject to the statute of limitations. In this
assertion, Taylor confuses the statute of limitations for obtaining an indictment for a
particular offense with the use of a prior felony as an enhancement for sentencing. 
Because there is no statute of limitations for the use of a prior felony for the purpose of
enhancing a sentence, there is no merit to this contention. This issue is overruled.

 Taylor next complains of being put on a punitive food loaf while in prison and asserts
this violated his religion and was detrimental to his health. However, none of these claims
relate to his guilt or innocence of the offense for which he was convicted or to errors
committed at his trial. Taylor's fifth issue is overruled.

 As his sixth issue, Taylor contends that he was denied access to the court and that
records were withheld from him. However, the record shows Taylor was present at all
hearings, and he has failed to specify under this issue what records, if any, were withheld
from him. This issue is overruled. 

 In a related but separate issue, Taylor contends he did not receive a copy of the
reporter's record in this case. During the pendency of Taylor's appeal, he complained to
this Court that he had not received a copy of the reporter's record. We abated the case
to the trial court for a determination regarding whether Taylor was in possession of a copy
of the reporter's record. In response, the court reporter provided this Court with a copy of
a letter addressed to Taylor wherein she stated she had mailed Taylor a second copy of
the reporter's record. No further complaint of this matter was made by Taylor until he
raised this issue in his supplemental brief. He apparently received the reporter's record
mailed to him, and he has failed to show how he was harmed by not having possession of
the reporter's record before receiving a copy in the mail. This issue is overruled.

 In his final issue, Taylor complains about his time sheets in prison. However, any
complaint about how Taylor's time has been credited by prison authorities must be raised
by a writ of habeas corpus pursuant to Tex. Code Crim. Proc. Ann. art. 11.07 (Vernon
Supp. 2002). This issue is overruled.


 We affirm the judgment.


 Donald R. Ross

 Justice


Date Submitted: October 17, 2002

Date Decided: November 1, 2002


Do Not Publish