Becker v. State



COURT OF APPEALS


EIGHTH DISTRICT OF TEXAS


EL PASO, TEXAS



)
 

JESSE X. VALVERDE,
)
 No. 08-03-00470-CR

)


 Appellant,
)
 Appeal from

)
 

v.
)
 210th District Court

)


THE STATE OF TEXAS,
)
 of El Paso County, Texas

)


 Appellee.
)
 (TC# 990D03591)


MEMORANDUM OPINION



 This is an attempted appeal from a conviction for theft over $1,500 but less than $20,000. 
The issue before us is whether Appellant timely filed his notice of appeal. We conclude that he did
not and dismiss the attempted appeal for want of jurisdiction.

 The record before us reflects that sentence was imposed in open court on May 22, 2003. 
Appellant did not file a motion for new trial. Appellant filed a pro se notice of appeal on October 17,
2003. By letter dated October 17, 2003, we notified Appellant in writing of our intent to dismiss this
appeal for want of jurisdiction.

 A timely notice of appeal is necessary to invoke this Court's jurisdiction. Olivo v. State, 918
S.W.2d 519, 522 (Tex.Crim.App. 1996). Rule 26.2(a) prescribes the time period in which notice of
appeal must be filed by the defendant in order to perfect appeal in a criminal case. A defendant's
notice of appeal is timely if filed within thirty days after the day sentence is imposed or suspended
in open court, or within ninety days after sentencing if the defendant timely files a motion for new
trial. Tex.R.App.P. 26.2(a); Olivo, 918 S.W.2d at 522. Pursuant to Rule 26.3, a court of appeals
may grant an extension of time to file notice of appeal if the notice is filed within fifteen days after
the last day allowed and, within the same period, a motion is filed in the court of appeals reasonably
explaining the need for the extension of time. Tex.R.App.P. 26.3; Olivo, 918 S.W.2d at 522. Under
Rule 26.3, a late notice of appeal may be considered timely so as to invoke a court of appeals'
jurisdiction if (1) it is filed within fifteen days of the last day allowed for filing, (2) a motion for
extension of time is filed in the court of appeals within fifteen days of the last day allowed for filing
the notice of appeal, and (3) the court of appeals grants the motion for extension of time. Olivo, 918
S.W.2d at 522.

 When a defendant appeals from a conviction in a criminal case, the time to file notice of
appeal runs from the date sentence is imposed or suspended in open court, not from the date sentence
is signed and entered by the trial court. Rodarte v. State, 860 S.W.2d 108, 109 (Tex.Crim.App.
1993). The last date allowed for timely filing of the notice of appeal was June 21, 2003, thirty days
after the day the sentence was imposed in open court. Tex.R.App.P. 26.2(a)(1). Because Appellant
did not file his notice of appeal until October 17, 2003, and he failed to file a motion for extension
of time, he failed to perfect this appeal. Accordingly, we dismiss the appeal for want of jurisdiction.



January 29, 2004 

 ANN CRAWFORD McCLURE, Justice


Before Panel No. 4

Barajas, C.J., Larsen, and McClure, JJ.


(Do Not Publish)