Ex parte Matthews

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-04-111-CR

EX PARTE DENNIE ROBERT MATTHEWS

------------

FROM THE 78
TH
 DISTRICT COURT OF WICHITA COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Dennie Robert Matthews is attempting to appeal the trial court’s denial of his application for a writ of habeas corpus challenging his misdemeanor conviction.  We dismiss the appeal for want of jurisdiction.

The trial court signed the order denying habeas relief on January 15, 2004; therefore, appellant’s notice of appeal (NOA) was due February 17, 2004.  
Tex. R. App.
 P. 4.1(a), 26.2(a)(1); 
Rodarte v. State
, 860 S.W.2d 108, 109-10 (Tex. Crim. App. 1993)
.  Appellant did not, however, file his NOA until March 10, 2004.  

On March 18, we notified appellant of our concern that we lacked jurisdiction over the appeal due to its untimeliness and that the appeal was subject to dismissal absent a response showing grounds for continuing the appeal.  In response, appellant asserted that his NOA was timely because his request for findings of fact and conclusions of law extended the filing deadline.  
See
 
Tex. R. App. P. 
26.1(a)(4).  Rule 26.1(a)(4) is a civil rule and does not apply to appellant’s case.  
Id.
  As appellant noted in his response, he petitioned for habeas relief in accordance with article 11.14 of the code of criminal procedure.  
Tex. Code Crim. Proc. Ann. 
art. 11.14 (Vernon 1977).  Accordingly, appellant’s habeas proceeding is criminal, not civil, in nature.

Because appellant’s NOA is untimely, we lack jurisdiction over the appeal.  
See
 
Tex. R. App. P. 
25.2(b); 
Olivo v. State
, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996).  Therefore, we dismiss the appeal for want of jurisdiction.  
Tex. R. App. P. 43.2(
f).  

PER CURIAM

PANEL D: CAYCE, C.J.; GARDNER and WALKER, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED: April 22, 2004

FOOTNOTES
1:
See 
Tex. R. App. P. 
47.4.