Becker v. State






COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

)
NADIA D. JONES,                                             )                  No. 08-05-00047-CR
)
                                    Appellant,                        )                             Appeal from
)
v.                                                                          )                  401st District Court
)
THE STATE OF TEXAS,                                   )                  of Collin County, Texas
)
                                    Appellee.                          )                  (TC# 401-80951-03)

MEMORANDUM OPINION

            Nadia D. Jones appeals her conviction of murder. A jury found Appellant guilty and the
court assessed punishment at imprisonment for a term of forty-eight years. Because Appellant did
not timely file her notice of appeal, we dismiss the attempted appeal for want of jurisdiction.
            The record before us reflects that sentence was imposed in open court on August 26, 2004. 
Appellant timely filed a motion for new trial; therefore, the notice of appeal was due to be filed
November 24, 2004. See Tex.R.App.P. 26.2(a). Appellant did not file her notice of appeal until
December 15, 2004. By letter dated January 25, 2005, we notified Appellant in writing of our intent
to dismiss this appeal for want of jurisdiction.
            A timely notice of appeal is necessary to invoke this Court’s jurisdiction. Olivo v. State, 918
S.W.2d 519, 522 (Tex.Crim.App. 1996). Rule 26.2(a) prescribes the time period in which notice of
appeal must be filed by the defendant in order to perfect appeal in a criminal case. A defendant’s
notice of appeal is timely if filed within thirty days after the day sentence is imposed or suspended
in open court, or within ninety days after sentencing if the defendant timely files a motion for new
trial. Tex.R.App.P. 26.2(a); Olivo, 918 S.W.2d at 522. Pursuant to Rule 26.3, a court of appeals may
grant an extension of time to file notice of appeal if the notice is filed within fifteen days after the
last day allowed and, within the same period, a motion is filed in the court of appeals reasonably
explaining the need for the extension of time. Tex.R.App. P. 26.3; Olivo, 918 S.W.2d at 522. Under
Rule 26.3, a late notice of appeal may be considered timely so as to invoke a court of appeals'
jurisdiction if (1) it is filed within fifteen days of the last day allowed for filing, (2) a motion for
extension of time is filed in the court of appeals within fifteen days of the last day allowed for filing
the notice of appeal, and (3) the court of appeals grants the motion for extension of time. Olivo, 918
S.W.2d at 522.
            When a defendant appeals from a conviction in a criminal case, the time to file notice of
appeal runs from the date sentence is imposed or suspended in open court, not from the date sentence
is signed and entered by the trial court. Rodarte v. State, 860 S.W.2d 108, 109 (Tex.Crim.App.
1993). The last date allowed for timely filing of the notice of appeal was, November 24, 2004,
ninety days after the day the sentence was imposed in open court. Tex.R.App.P. 26.2(a)(2). Because
Appellant did not file her notice of appeal until December 15, 2004, and she failed to file a motion
for extension of time, she failed to perfect this appeal. Accordingly, we dismiss the appeal for want
of jurisdiction.
April 28, 2005                                                             
                                                                                    ANN CRAWFORD McCLURE, Justice
Before Barajas, C.J., McClure, and Chew, JJ.

(Do Not Publish)