Criminal Case Template






COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS



JAIME LUEVANO,

                            Appellant,

v.

THE STATE OF TEXAS,

                            Appellee.

§

§

§

§

§

No. 08-06-00141-CR

Appeal from the

County Court at Law No. Two

of El Paso County, Texas

(TC# 20050C05382)




O P I N I O N

           Jaime Luevano appeals his conviction for driving while intoxicated while in
possession of an open container of an alcoholic beverage. A jury found Appellant guilty and
the court assessed punishment at 180 days’ confinement in the El Paso County Detention
Facility and a fine of $500. Because Appellant did not timely file his notice of appeal, we
dismiss the attempted appeal for want of jurisdiction.
           The record before us reflects that sentence was imposed in open court on December
5, 2005. Appellant filed a motion for new trial, but it was untimely. Therefore, the notice
of appeal was due to be filed on January 4, 2006. See Tex. R. App. P. 26.2(a). Appellant did
not file his notice of appeal until May 24, 2006. By letter dated June 6, 2006, we notified
Appellant in writing of our intent to dismiss this appeal for want of jurisdiction.
           A timely notice of appeal is necessary to invoke this Court’s jurisdiction. Olivo v.
State, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996). Rule 26.2(a) prescribes the time period
in which notice of appeal must be filed by the defendant in order to perfect appeal in a
criminal case. A defendant’s notice of appeal is timely if filed within thirty days after the day
sentence is imposed or suspended in open court, or within ninety days after sentencing if the
defendant timely files a motion for new trial. Tex. R. App. P. 26.2(a); Olivo, 918 S.W.2d at
522. Pursuant to Rule 26.3, a court of appeals may grant an extension of time to file notice
of appeal if the notice is filed within fifteen days after the last day allowed and, within the
same period, a motion is filed in the court of appeals reasonably explaining the need for the
extension of time. Tex. R. App. P. 26.3; Olivo, 918 S.W.2d at 522. Under Rule 26.3, a late
notice of appeal may be considered timely so as to invoke a court of appeals’ jurisdiction if
(1) it is filed within fifteen days of the last day allowed for filing, (2) a motion for extension
of time is filed in the court of appeals within fifteen days of the last day allowed for filing
the notice of appeal, and (3) the court of appeals grants the motion for extension of time.
Olivo, 918 S.W.2d at 522.
           When a defendant appeals from a conviction in a criminal case, the time to file notice
of appeal runs from the date sentence is imposed or suspended in open court, not from the
date sentence is signed and entered by the trial court. Rodarte v. State, 860 S.W.2d 108, 109
(Tex. Crim. App. 1993). The last date allowed for timely filing of the notice of appeal was
January 4, 2006, thirty days after the day the sentence was imposed in open court. Tex. R.
App. P. 26.2(a)(2). Because Appellant did not file his notice of appeal until May 24, 2006,
and he failed to file a motion for extension of time, he failed to perfect this appeal. 
Accordingly, we dismiss the appeal for want of jurisdiction.
 
                                                                  RICHARD BARAJAS, Chief Justice
July 27, 2006

Before Barajas, C.J., McClure, and Chew, JJ.

(Do Not Publish)