COURT OF APPEALS

EIGHTH DISTRICT OF TEXAS

EL PASO, TEXAS




HANI TAHAT,


 Appellant,


v.



THE STATE OF TEXAS,


 Appellee.
§


 


§


 


§


 


§


 


§


 


 § 


No. 08-07-00273-CR
 


Appeal from the


243rd District Court 


of El Paso County, Texas 


(TC# 20070D00677) 




MEMORANDUM OPINION


 Hani Tahat appeals his conviction for robbery. The court assessed punishment of six and
a half years imprisonment on June 28, 2007. Appellant filed his notice of appeal on
September 25, 2007. Because Appellant did not timely file his notice of appeal, we dismiss the
attempted appeal for want of jurisdiction.

 The record before us reflects that the sentence was imposed on June 28, 2007. No motion
for new trial was filed. Therefore, Appellant's notice of appeal was due to be filed on July 30,
2007. See Tex.R.App.P. 26.2(a); Tex.R.App.P. 4.1 (providing if last day of time period
prescribed under these rules fall on a Saturday, Sunday, or legal holiday, the period extends to the
next business day). Appellant did not file his notice of appeal until September 25, 2007. By
letter dated, September 26, 2007, the Clerk of this Court notified Appellant in wiring of our
intent to dismiss the appeal for want of jurisdiction unless any party, within ten days of receipt of
the notice, could show grounds for continuing the appeal.

 A timely notice of appeal is necessary to invoke this Court's jurisdiction. Olivo v. State,
918 S.W.2d 519, 522 (Tex.Crim.App. 1996). Texas Rule of Appellate Procedure 26.2(a)
prescribes the time period in which the notice of appeal must be filed by a defendant in a
criminal case. A defendant's notice of appeal is timely if filed within thirty days after the day
sentence is imposed or suspended in open court, or withing ninety days after sentencing if the
defendant timely files a motion for new trial. Tex.R.App.P. 26.2(a); Olivo, 918 S.W.2d at 522. 
Pursuant to Rule 26.3, a court of appeals may grant an extension of time to file a notice of appeal
if the notice is filed within fifteen days after the last day allowed, and within the same period, a
motion is filed in the court of appeals reasonably explaining the need for the extension of time.
Tex.R.App.P. 26.3; Olivo, 918 S.W.2d at 522. Under Rule 26.3, a late notice of appeal may be
considered timely so as to invoke the court of appeals' jurisdiction if (1) it is filed within fifteen
days of the last day allowed for filing, (2) a motion for extension of time is filed in the court of
appeals within fifteen days of the last day allowed for filing, and (3) the court of appeals grants
the motion for extension of time. Olivo, 918 S.W.2d at 522.

 When a defendant appeals from a conviction in a criminal case, the time to file a notice of
appeal runs from the date a sentence is imposed if suspended in open court, not from the date
sentence is signed and entered by the trial court. Rodarte v. State, 860 S.W.2d 108, 109
(Tex.Crim.App. 1993). The last date allowed for timely filing of the notice of appeal in this case
was July 30, 2007, thirty days after the day the sentence was imposed in open court. See
Tex.R.App.P. 26.2(a)(1); Tex.R.App.P. 4.1. Because Appellant did not file his notice of appeal
until September 25, 2007, he failed to perfect his appeal. Accordingly, we dismiss the appeal for
want of jurisdiction.




November 30, 2007

 DAVID WELLINGTON CHEW, Chief Justice


Before Chew, C.J., McClure, and Carr, JJ.


(Do Not Publish)