COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| RAMON GONZALEZ, | § | No. 08-08-00078-CR |
| Appellant, | § | |
| | | Appeal from the |
| v. | § | |
| | | 120th District Court |
| THE STATE OF TEXAS, | § | |
| | | of El Paso County, Texas |
| Appellee. | § | |
| | | (TC# 90D010520 (60497)) |
| | § | |

**MEMORANDUM OPINION**

Ramon Gonzalez appeals his conviction for aggravated sexual assault of a child. Punishment was assessed at five years' imprisonment. Because Appellant did not timely file his notice of appeal, we dismiss the attempted appeal for want of jurisdiction.

The record before us reflects that sentence was imposed in open court on January 18, 2008. A motion for new trial and the notice of appeal were filed on February 22, 2008. Therefore, as the motion for new trial was untimely, the notice of appeal was due to have been filed on February 17, 2008; however, that date was a Sunday and the next day was a legal holiday, making the due date February 19, 2008. *See* TEX. R. APP. P. 26.2(a); TEX. R. APP. P. 21.4(a); TEX. R. APP. P. 4.1(a). By letter dated February 27, 2008, we notified Appellant in writing of our intent to dismiss this appeal for want of jurisdiction unless some explanation could be made why we should not do so. We did not receive a reply.

A timely notice of appeal is necessary to invoke this Court's jurisdiction. *Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996). Rule 26.2(a) prescribes the time period in which notice

of appeal must be filed by the defendant in order to perfect appeal in a criminal case. A defendant's notice of appeal is timely if filed within thirty days after the day sentence is imposed or suspended in open court, or within ninety days after sentencing if the defendant timely files a motion for new trial. TEX. R. APP. P. 26.2(a); *Olivo*, 918 S.W.2d at 522. Pursuant to Rule 26.3, a court of appeals may grant an extension of time to file notice of appeal if the notice is filed within fifteen days after the last day allowed and, within the same period, a motion is filed in the court of appeals reasonably explaining the need for the extension of time. TEX. R. APP. P. 26.3; *Olivo*, 918 S.W.2d at 522. Under Rule 26.3, a late notice of appeal may be considered timely so as to invoke a court of appeals' jurisdiction if (1) it is filed within fifteen days of the last day allowed for filing, (2) a motion for extension of time is filed in the court of appeals within fifteen days of the last day allowed for filing the notice of appeal, and (3) the court of appeals grants the motion for extension of time. *Olivo*, 918 S.W.2d at 522.

When a defendant appeals from a conviction in a criminal case, the time to file notice of appeal runs from the date sentence is imposed or suspended in open court, not from the date sentence is signed and entered by the trial court. *Rodarte v. State*, 860 S.W.2d 108, 109 (Tex. Crim. App. 1993). As stated, the last date allowed for timely filing of the notice of appeal was February 19, 2008, thirty days after the day the sentence was imposed in open court. TEX. R. APP. P. 26.2(a)(1); TEX. R. APP. P. 4.1. Because Appellant did not file his notice of appeal until February 22, 2008, and he failed to file a motion for extension of time, he failed to perfect this appeal. Accordingly, we dismiss the appeal for want of jurisdiction.


KENNETH R. CARR, Justice

2

April 10, 2008

Before Chew, C.J., McClure, and Carr, JJ.

(Do Not Publish)