COURT OF APPEALS

EIGHTH DISTRICT OF TEXAS

EL PASO, TEXAS



RAMON GONZALEZ,


 Appellant,


v.


THE STATE OF TEXAS,


 Appellee.
§


 


§


 


§


 


§


 


§


 


 § 


No. 08-08-00078-CR



Appeal from the


120th District Court


of El Paso County, Texas


(TC# 90D010520 (60497))



MEMORANDUM OPINION


 Ramon Gonzalez appeals his conviction for aggravated sexual assault of a child. Punishment
was assessed at five years' imprisonment. Because Appellant did not timely file his notice of appeal,
we dismiss the attempted appeal for want of jurisdiction.

 The record before us reflects that sentence was imposed in open court on January 18, 2008. 
A motion for new trial and the notice of appeal were filed on February 22, 2008. Therefore, as the
motion for new trial was untimely, the notice of appeal was due to have been filed on February 17,
2008; however, that date was a Sunday and the next day was a legal holiday, making the due date
February 19, 2008. See Tex. R. App. P. 26.2(a); Tex. R. App. P. 21.4(a); Tex. R. App. P. 4.1(a). By
letter dated February 27, 2008, we notified Appellant in writing of our intent to dismiss this appeal
for want of jurisdiction unless some explanation could be made why we should not do so. We did
not receive a reply.

 A timely notice of appeal is necessary to invoke this Court's jurisdiction. Olivo v. State, 918
S.W.2d 519, 522 (Tex. Crim. App. 1996). Rule 26.2(a) prescribes the time period in which notice
of appeal must be filed by the defendant in order to perfect appeal in a criminal case. A defendant's
notice of appeal is timely if filed within thirty days after the day sentence is imposed or suspended
in open court, or within ninety days after sentencing if the defendant timely files a motion for new
trial. Tex. R. App. P. 26.2(a); Olivo, 918 S.W.2d at 522. Pursuant to Rule 26.3, a court of appeals
may grant an extension of time to file notice of appeal if the notice is filed within fifteen days after
the last day allowed and, within the same period, a motion is filed in the court of appeals reasonably
explaining the need for the extension of time. Tex. R. App. P. 26.3; Olivo, 918 S.W.2d at 522. 
Under Rule 26.3, a late notice of appeal may be considered timely so as to invoke a court of appeals'
jurisdiction if (1) it is filed within fifteen days of the last day allowed for filing, (2) a motion for
extension of time is filed in the court of appeals within fifteen days of the last day allowed for filing
the notice of appeal, and (3) the court of appeals grants the motion for extension of time. Olivo, 918
S.W.2d at 522.

 When a defendant appeals from a conviction in a criminal case, the time to file notice of
appeal runs from the date sentence is imposed or suspended in open court, not from the date sentence
is signed and entered by the trial court. Rodarte v. State, 860 S.W.2d 108, 109 (Tex. Crim. App.
1993). As stated, the last date allowed for timely filing of the notice of appeal was February 19,
2008, thirty days after the day the sentence was imposed in open court. Tex. R. App. P. 26.2(a)(1);
Tex. R. App. P. 4.1. Because Appellant did not file his notice of appeal until February 22, 2008, and
he failed to file a motion for extension of time, he failed to perfect this appeal. Accordingly, we
dismiss the appeal for want of jurisdiction.


 KENNETH R. CARR, Justice


April 10, 2008


Before Chew, C.J., McClure, and Carr, JJ.


(Do Not Publish)