

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-08-00215-CR

_____


MICHAEL CHARLES SILVER, Appellant

V.

THE STATE OF TEXAS, Appellee


On Appeal from the 8th Judicial District Court
Hopkins County, Texas
Trial Court No. 0820179


Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Justice Moseley

MEMORANDUM OPINION

Michael Charles Silver appeals from his verdict of bail jumping and failure to appear. *See* Tex. Penal Code Ann. § 38.10(f) (Vernon 2003). The sentence was imposed September 23, 2008. Silver filed two notices of appeal and a motion for new trial on October 24, 2008, by hand delivering them to the district clerk of Hopkins County.

A late notice of appeal is considered timely and thus invokes the appellate court's jurisdiction if (1) it is filed within fifteen days of the last day allowed for filing, (2) a motion for extension of time is filed in the court of appeals within fifteen days of the last day allowed for filing the notice of appeal, and (3) the court of appeals grants the motion for extension of time. *Olivo v. State*, 918 S.W.2d 519 (Tex. Crim. App. 1996). Further, when a notice of appeal is filed within the fifteen-day period but no timely motion for extension of time is filed, the appellate court lacks jurisdiction. *Id.* at 522 (citing *Rodarte v. State*, 860 S.W.2d 108 (Tex. Crim. App. 1993)).

The Texas Court of Criminal Appeals interprets Rule 26.3 of the Texas Rules of Appellate Procedure strictly to require an appellant in a criminal case to file his notice of appeal and a motion for extension within the fifteen-day period for filing a late notice of appeal. *Id.* at 522–26; *see* Tex. R. App. P. 26.3. The Texas Court of Criminal Appeals has expressly held that without a timely-filed notice of appeal or motion for extension of time, we cannot exercise jurisdiction over an appeal. *See Olivo*, 918 S.W.2d at 522; *see also Slaton v. State*, 981 S.W.2d 208, 209 n.3 (Tex. Crim. App. 1998).

2

According to Rule 26.2 of the Texas Rules of Appellate Procedure and the above caselaw, Silver had thirty days after the day sentence was imposed to file a notice of appeal, or timely file a motion for new trial and thereby extend his time to file a notice of appeal. *See* TEX. R. APP. P. 21.4, 26.2(a)(1). Silver's motion for new trial was filed October 24, 2008, by hand delivery, and therefore was not timely. Silver therefore had until October 23, 2008, to file a notice of appeal. Silver's notices of appeal were filed one day late, on October 24, 2008, by hand delivery. Further, no motion for extension of time to file the notice of appeal was filed. Hence, this appeal is untimely, and we are without jurisdiction to hear this case.

We dismiss this appeal for want of jurisdiction.


Bailey C. Moseley
Justice

Date Submitted:    February 10, 2009
Date Decided:    February 11, 2009

Do Not Publish