In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-09-00015-CV


______________________________




PEOPLES STATE BANK, Appellant



V.



DEMIE MILAYNE RAFFAELLI AND 


 THOMAS MCPHILLIPS RAFFAELLI, Appellees




 


On Appeal from the 202nd Judicial District Court


 Bowie County, Texas


Trial Court No. 07-D-1466-202




 




Before Morriss, C.J., Carter and Moseley, JJ.


Memorandum Opinion by Chief Justice Morriss



MEMORANDUM OPINION


 Peoples State Bank, the appellant in this case, has filed a motion to dismiss its interlocutory
appeal as moot. Pursuant to Rule 42.1 of the Texas Rules of Appellate Procedure, the motion is
granted. See Tex. R. App. P. 42.1.

 We dismiss the appeal.



 Josh R. Morriss, III

 Chief Justice


Date Submitted: March 4, 2009

Date Decided: March 5, 2009

 



mal;
 text-align: left;
 text-decoration: none;
 color: black;
 vertical-align: middle;
 text-indent: 0in
}

body
{
 font-family: "Times New Roman", serif;
 font-size: 12pt;
 font-weight: normal;
 font-style: normal
}

















In The
Court of Appeals
Sixth Appellate District of Texas at Texarkana

______________________________

No. 06-05-00276-CR
______________________________


NATHANIEL THREADGILL, Appellant
 
V.
 
THE STATE OF TEXAS, Appellee


                                              

On Appeal from the 102nd Judicial District Court
Bowie County, Texas
Trial Court No. 05F0042-102


                                                 



Before Morriss, C.J., Ross and Carter, JJ.
Memorandum Opinion by Chief Justice Morriss


MEMORANDUM OPINION

            Nathaniel Threadgill appeals from his conviction by a jury for unauthorized use of a motor
vehicle. Sentence was imposed November 15, 2005. No motion for new trial or other motion was
filed that would serve to extend the time for filing the notice of appeal. The notice of appeal was
filed thirty-one days later, December 16, 2005. Although the motion indicates that hand delivery was
made on opposing counsel before that date, it does not indicate that the notice was mailed before that
date, and it contains no other internal dating. We contacted the district clerk, who informed us that
there is no indication in their records that they received the document through the mail. 
            A defendant must file his or her notice of appeal "(1) within 30 days after the day sentence
is imposed  or  suspended  in  open  court,  or  after  the  day  the  trial  court  enters  an  appealable
order; or (2) within 90 days after the day sentence is imposed or suspended in open court if the
defendant timely files a motion for new trial." Tex. R. App. P. 26.2(a). The notice was untimely.
            A late notice of appeal is considered timely and thus invokes the appellate court's jurisdiction
if (1) it is filed within fifteen days of the last day allowed for filing, (2) a motion for extension of
time is filed in the court of appeals within fifteen days of the last day allowed for filing the notice
of appeal, and (3) the court of appeals grants the motion for extension of time. Olivo v. State, 918
S.W.2d 519, 520 (Tex. Crim. App. 1996). Further, when a notice of appeal is filed within the
fifteen-day period but no timely motion for extension of time is filed, the appellate court lacks
jurisdiction. Id., citing Rodarte v. State, 860 S.W.2d 108 (Tex. Crim. App. 1993).



            Because the notice of appeal was untimely filed, and because no timely motion to extend time
was filed, we have no jurisdiction over this appeal.
            We dismiss the appeal for want of jurisdiction.
 
                                                                                    Josh R. Morriss, III
                                                                                    Chief Justice

Date Submitted:          January 17, 2006
Date Decided:             January 18, 2006

Do Not Publish