**Opinion filed March 3, 2011**



In The

# Eleventh Court of Appeals

_____

## No. 11-10-00386-CR

_____

## HUGO ISRAEL MARTINEZ, Appellant

## V.

## STATE OF TEXAS, Appellee

**On Appeal from the 161st District Court**

**Ector County, Texas**

**Trial Court Cause No. B-35,031**

## M E M O R A N D U M   O P I N I O N

The jury convicted Hugo Israel Martinez, upon his plea of guilty, of the offense of possession of between four and two hundred grams of cocaine with the intent to deliver. The jury assessed punishment at confinement for sixteen years. Because no notice of appeal was timely filed, we dismiss the appeal.

Appellant's sentence was imposed on August 31, 2010. A timely motion for new trial was filed on September 27 and was overruled by operation of law pursuant to TEX. R. APP. P. 21.8. On December 22, 2010, appellant filed a pro se request for the appointment of

counsel to represent him on appeal, which we consider to be appellant's notice of appeal. Appellate counsel was subsequently appointed, and he filed a supplemental notice of appeal on appellant's behalf. On January 25, 2011, this court notified the parties that the notice of appeal appeared to be untimely and requested that appellant provide proof that the notice of appeal was timely filed. In response, appellant filed in this court on February 14, 2011, a motion requesting an extension of time to file his notice of appeal. Appellate counsel notes that appellant believed his trial counsel had filed a notice of appeal and that appellate counsel was not appointed until after the deadline for filing the notice of appeal. The clerk's record has now been received in this court. Our review of the clerk's record shows that no notice of appeal was filed prior to appellant's December 22 request for the appointment of counsel.

Pursuant to TEX. R. APP. P. 26.2(a)(2), the notice of appeal was due ninety days after the day sentence was imposed. In this case, the due date was November 29, 2010. Pursuant to TEX. R. APP. P. 26.3, the motion for extension of time to file the notice of appeal was due fifteen days thereafter: December 14, 2010. Both the notice of appeal and the motion for extension must be filed within fifteen days after the deadline for filing the notice of appeal. Rule 26.3. In this case, neither was filed within that time period.

Absent a timely filed notice of appeal, we do not have jurisdiction to entertain the appeal. *Slaton v. State*, 981 S.W.2d 208 (Tex. Crim. App. 1998); *Olivo v. State*, 918 S.W.2d 519 (Tex. Crim. App. 1996); *Rodarte v. State*, 860 S.W.2d 108 (Tex. Crim. App. 1993). We are also without jurisdiction to grant a motion for extension that is filed more than fifteen days after the date that the notice of appeal was due. *Olivo*, 918 S.W.2d 519.

Accordingly, appellant's motion to extend the time to file the notice of appeal is overruled, and the appeal is dismissed for want of jurisdiction.


PER CURIAM


March 3, 2011

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
McCall, J., and Strange, J.

2