Opinion filed March 24,
2011

 

                                                                       In The

                                                                              

  Eleventh
Court of Appeals

                                                                   __________

 

                                                         No. 11-11-00025-CR 

                                                    __________

 

                                       REED
J. BATES, Appellant

 

                                                             V.

 

                                      STATE
OF TEXAS, Appellee



 

                              On
Appeal from the County Court at Law No. 2

 

                                                              Ellis
County, Texas

 

                                                 Trial
Court Cause No. 1010552CR

 



 

                                            M E M O R A N
D U M   O P I N I O N

 

            The trial
court convicted Reed J. Bates of the offense of reckless driving and assessed
punishment at confinement for thirteen days and a fine of $100.  We dismiss the
appeal. 

            Appellant’s
sentence was imposed on August 17, 2010.  A timely motion for new trial was
filed on August 31 and was overruled by operation of law pursuant to Tex. R. App. P. 21.8.  Appellant’s
notice of appeal was filed on November 29, 2010, 104 days after the date
sentence was imposed.  Upon receiving the clerk’s record, this court notified
the parties by letter dated February 14, 2011, that the notice of appeal
appeared to be untimely and that no motion for extension had been timely
filed.  We requested that appellant provide proof that a notice of appeal had
been timely filed, and we informed appellant that the appeal may be dismissed
for want of jurisdiction.  Appellant has not responded to our letter.  

            Pursuant
to Tex. R. App. P. 26.2(a)(2), a
notice of appeal is due ninety days after the day sentence is imposed.  In this
case, the due date was November 15, 2010.  Appellant did not file a motion for
extension of time.  See Tex. R.
App. P. 26.3.  Absent a timely filed notice of appeal or the granting of
a timely motion for extension of time, we do not have jurisdiction to entertain
the appeal.  Slaton v. State, 981 S.W.2d 208 (Tex. Crim. App. 1998); Olivo
v. State, 918 S.W.2d 519 (Tex. Crim. App. 1996); Rodarte v. State, 860
S.W.2d 108 (Tex. Crim. App. 1993).  

Accordingly,
the appeal is dismissed for want of jurisdiction.  

 

                                                                                    PER
CURIAM

 

March 24, 2011

Do not publish. 
See Tex. R. App. P.
47.2(b). 

Panel consists of:  Wright, C.J.,

McCall, J., and Strange, J.