

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 02-11-00198-CR

KEVIN WADE NOONKESTER                                                    APPELLANT

V.

THE STATE OF TEXAS                                                            STATE

----------

## FROM THE 355TH DISTRICT COURT OF HOOD COUNTY

----------

## MEMORANDUM OPINION[1]

----------

Appellant Kevin Wade Noonkester was convicted of sexual assault of a child, and the trial court sentenced him to fifteen years' confinement on April 18, 2011. Appellant did not file a motion for new trial, so his notice of appeal was due May 18, 2011. *See* Tex. R. App. P. 26.2(a)(1) (providing that notice of appeal must be filed within thirty days of sentencing in the absence of a timely-

---

[1]*See* Tex. R. App. P. 47.4.

filed motion for new trial).  He did not file his notice of appeal until May 31, 2011; thus, it was untimely.

Accordingly, we informed Appellant by letter on June 3, 2011, that this appeal was subject to dismissal unless Appellant or any party filed a response showing grounds for continuing the appeal on or before June 13, 2011. Appellant responded by filing a motion for extension of time to file his notice of appeal, but the motion for extension was filed on June 6, 2011, more than fifteen days after his notice of appeal was due.[2]  *See* Tex. R. App. P. 26.3 (requiring party seeking to extend time to file notice of appeal to file both a notice of appeal and a motion for extension of time to file notice of appeal within fifteen days of the day the notice of appeal was due).

A notice of appeal that complies with the requirements of rule 26 is essential to vest this court with jurisdiction.  Tex. R. App. P. 25.2(b), 26.2(a).  The Texas Court of Criminal Appeals has expressly held that, without a timely filed notice of appeal or motion for extension of time, this court cannot exercise jurisdiction over an appeal.  *Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996).  Only the Texas Court of Criminal Appeals may grant Appellant an out-of-

---

[2]In his motion for extension of time, Appellant contends that his notice of appeal was timely because it was filed within thirty days of the trial court's May 20, 2011 nunc pro tunc judgment, but a nunc pro tunc judgment does not extend the time for filing under rule 26.2.  *See Velazquez v. State*, No. 05-06-00781-CR, 2007 WL 1041126, at *1 (Tex. App.—Dallas Apr. 9, 2007, no pet.) (mem. op., not designated for publication) (citing *Rodarte v. State*, 860 S.W.2d 108, 109 & n.1 (Tex. Crim. App. 1993)).

time appeal. *See* Tex. Code Crim. Proc. Ann. art. 11.07 (West Supp. 2010); *Olivo*, 918 S.W.2d at 525 n.8; *Cotton v. State*, No. 02-10-00001-CR, 2010 WL 520814, at *1 (Tex. App.—Fort Worth Feb. 11, 2010, pet. ref'd) (mem. op., not designated for publication).

Because Appellant's notice of appeal and motion for extension to file notice of appeal were untimely filed, we dismiss the appeal for want of jurisdiction. *See* Tex. R. App. P. 26.2(a)(1), 43.2(f).

PER CURIAM

PANEL: GARDNER, WALKER, and MCCOY, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: June 30, 2011