02-11-198-CR









 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

NO.  02-11-00198-CR

 

 


 
 
 Kevin Wade Noonkester
 
 
  
 
 
 APPELLANT
 
 
 
 
  
 V.
  
 
 
 
 
 The State of Texas
 
 
  
 
 
 STATE
 
 


 

 

----------

 

FROM THE 355th
District Court OF Hood COUNTY

----------

 

MEMORANDUM
OPINION[1]

----------

 

Appellant
Kevin Wade Noonkester was convicted of sexual assault of a child, and the trial
court sentenced him to fifteen years’ confinement on April 18, 2011.  Appellant
did not file a motion for new trial, so his notice of appeal was due May 18,
2011.  See Tex. R. App. P. 26.2(a)(1) (providing that notice of appeal
must be filed within thirty days of sentencing in the absence of a timely-filed
motion for new trial).  He did not file his notice of appeal until May 31, 2011;
thus, it was untimely.

Accordingly,
we informed Appellant by letter on June 3, 2011, that this appeal was subject
to dismissal unless Appellant or any party filed a response showing grounds for
continuing the appeal on or before June 13, 2011.  Appellant responded by
filing a motion for extension of time to file his notice of appeal, but the
motion for extension was filed on June 6, 2011, more than fifteen days after
his notice of appeal was due.[2]  See Tex. R. App.
P. 26.3 (requiring party seeking to extend time to file notice of appeal to
file both a notice of appeal and a motion for extension of time to file notice
of appeal within fifteen days of the day the notice of appeal was due).

A
notice of appeal that complies with the requirements of rule 26 is essential to
vest this court with jurisdiction.  Tex. R. App. P. 25.2(b), 26.2(a).  The
Texas Court of Criminal Appeals has expressly held that, without a timely filed
notice of appeal or motion for extension of time, this court cannot exercise
jurisdiction over an appeal.  Olivo v. State, 918 S.W.2d 519, 522 (Tex. Crim.
App. 1996).  Only the Texas Court of Criminal Appeals may grant Appellant an
out-of-time appeal.  See Tex. Code Crim. Proc. Ann. art. 11.07 (West Supp.
2010); Olivo, 918 S.W.2d at 525 n.8; Cotton v. State, No. 02-10-00001-CR,
2010 WL 520814, at *1 (Tex. App.—Fort Worth Feb. 11, 2010, pet. ref’d) (mem.
op., not designated for publication).

Because
Appellant’s notice of appeal and motion for extension to file notice of appeal
were untimely filed, we dismiss the appeal for want of jurisdiction.  See
Tex. R. App. P. 26.2(a)(1), 43.2(f).

 

 

PER CURIAM

 

PANEL: 
GARDNER,
WALKER, and MCCOY, JJ.

 

DO
NOT PUBLISH

Tex.
R. App. P. 47.2(b)

 

DELIVERED:  June 30, 2011









[1]See Tex. R. App. P. 47.4.





[2]In his motion for
extension of time, Appellant contends that his notice of appeal was timely
because it was filed within thirty days of the trial court’s May 20, 2011 nunc
pro tunc judgment, but a nunc pro tunc judgment does not extend the time for
filing under rule 26.2.  See Velazquez v. State, No. 05-06-00781-CR,
2007 WL 1041126, at *1 (Tex. App.—Dallas Apr. 9, 2007, no pet.) (mem. op., not
designated for publication) (citing Rodarte v. State, 860 S.W.2d 108,
109 & n.1 (Tex. Crim. App. 1993)).