02-11-145-CR









 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

NO. 02-11-00145-CR

 

 


 
 
 james daniel harris
 
 
  
 
 
 APPELLANT
 
 
 
 
  
 V.
  
 
 
 
 
 The State of Texas
 
 
  
 
 
 STATE
 
 


 

 

----------

 

FROM THE 89th
District Court OF wichita COUNTY

----------

 

MEMORANDUM
OPINION[1]

----------

 

          A
jury found Appellant James Daniel Harris guilty of a drug offense enhanced to a
first degree felony and assessed his punishment at life in prison and a $10,000
fine.  The trial court imposed the sentence accordingly on March 25, 2011.  On
April 1, 2011, the trial court issued an order nunc pro tunc correcting the
judgment to reflect the proper amount of jail-time credit Appellant had earned
pending trial.  Appellant filed a motion for new trial on April 26, 2011, which
was a day past the thirty-day deadline set by the rules of appellate
procedure.  See Tex. R. App. P. 26.  He also filed a notice of appeal on
the same date.  We sent a letter to Appellant advising him that we were
concerned that we did not have jurisdiction over his appeal and asked him to
respond with evidence that he had properly addressed, stamped, and mailed his
notice of appeal to the proper trial court clerk on or before the due date.  In
his response, Appellant advised us that he set his timetable based upon the
date the trial court issued its order nunc pro tunc and not from the date
sentence was imposed.  He also informed us that he intends to seek an
out-of-time appeal if his calendaring of the appeal was in error.[2]

          A
timely filed notice of appeal is essential to vest this court with
jurisdiction.  Slaton, 981 S.W.2d at 210.  A notice of appeal is timely
if it is filed within thirty days after the day sentence is imposed or
suspended in open court, or after the day the trial court issues an appealable
order.  Tex. R. App. P. 26.2(a)(1).  Notice of appeal may also be timely if it
is filed within ninety days after the day sentence is imposed or suspended and the
defendant timely files a motion for new trial.  Tex. R. App. P. 26.2(a)(2).  A
motion for new trial is timely if filed within thirty days after the date the
trial court imposes or suspends sentence in open court.  Tex. R. App. P. 21.4(a). 
An order nunc pro tunc does not affect the timetable from which a defendant may
appeal from a judgment of conviction.  See Rodarte v. State, 860 S.W.2d
108, 109, n. 1 (Tex. Crim. App. 1993) (appellate deadlines run from date
sentence is imposed rather than date written judgment is entered).

          Appellant’s
notice of appeal and motion for new trial were both untimely filed.  Accordingly,
we dismiss the appeal for want of jurisdiction.  See Tex. R. App. P.
43.2(f); Olivo v. State, 918 S.W.2d 519, 523 (Tex. Crim. App. 1996).

 

 

PER CURIAM

 

PANEL: 
GABRIEL,
J.; LIVINGSTON, C.J.; and DAUPHINOT, J.

 

DO
NOT PUBLISH

Tex.
R. App. P. 47.2(b)

 

DELIVERED:  June 30, 2011









[1]See Tex. R. App. P. 47.4.





[2]We do not have authority
to grant an out-of-time appeal.  See Slaton v. State, 981 S.W.2d 208,
210 (Tex. Crim. App. 1998) (reasoning that if an appeal is not timely
perfected, a court of appeals has no jurisdiction to address the merits of the
appeal and can take no action other than to dismiss it).