**Opinion filed August 31, 2012**



In The

# Eleventh Court of Appeals

_____

### Nos. 11-12-00237-CR & 11-12-00238-CR
_____

## ISMAEL VILLARREAL JR., Appellant

## V.

## STATE OF TEXAS, Appellee

**On Appeal from the 104th District Court**

**Taylor County, Texas**

**Trial Court Cause Nos. 17243-B & 17244-B**

## M E M O R A N D U M   O P I N I O N

Appellant, Ismael Villarreal Jr., filed a pro se notice of appeal in each cause on August 13, 2012. In the notices, appellant states his desire to appeal "from the judgment of conviction and sentence" rendered against him. In both cases, appellant was convicted of the offense of possession of methamphetamine with intent to deliver in a drug-free zone. We dismiss the appeals.

The papers on file in this court indicate that the sentence was imposed in these cases on November 18, 2009, and October 28, 2009, respectively. On August 13, 2012, upon receiving

appellant's notices of appeal and the docketing statements, this court notified the parties by letter that the notices of appeal appeared to be untimely, with one being filed 999 days after the date of sentencing and the other being filed 1,020 days after the date of sentencing. We requested that appellant respond and show grounds for continuing the appeals. We also informed appellant that the appeals may be dismissed for want of jurisdiction.

Pursuant to TEX. R. APP. P. 26.2, the notices of appeal were due to be filed within thirty days after the date the sentences were imposed in open court. The August 13, 2012 notices of appeal were filed over two years after the due date. Appellant did not file a motion for extension of time as provided for in TEX. R. APP. P. 26.3. Rule 26.3 mandates that the notice of appeal and the motion for extension must be filed within fifteen days after the deadline for filing the notice of appeal. Absent a timely notice of appeal or compliance with Rule 26.3, this court lacks jurisdiction to entertain an appeal. *Slaton v. State*, 981 S.W.2d 208 (Tex. Crim. App. 1998); *Olivo v. State*, 918 S.W.2d 519 (Tex. Crim. App. 1996); *Rodarte v. State*, 860 S.W.2d 108 (Tex. Crim. App. 1993).

Accordingly, these appeals are dismissed for want of jurisdiction.


PER CURIAM


August 31, 2012

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
McCall, J., and Kalenak, J.