**Opinion filed March 7, 2013**



In The

# Eleventh Court of Appeals

_____

## No. 11-13-00038-CR

_____

## RONALD JEROME CURTIS, Appellant

## V.

## STATE OF TEXAS, Appellee

**On Appeal from the 42nd District Court**

**Taylor County, Texas**

**Trial Court Cause No. 21001-A**

### M E M O R A N D U M   O P I N I O N

In 2003, Ronald Jerome Curtis pleaded guilty to the offense of possession of cocaine and was placed on community supervision. On January 20, 2012, the trial court revoked Curtis's community supervision upon his plea of true to a motion to revoke and assessed his punishment at confinement for five years. We dismiss the appeal.

The clerk's record indicates that Curtis's sentence was imposed on January 20, 2012, and that his pro se notice of appeal was filed in the district clerk's office on February 8, 2013, more than one year after the date sentence was imposed. When the appeal was filed in this court, we notified Curtis by letter that the notice of appeal appeared to be untimely. We requested that

Curtis respond and show grounds to continue this appeal. We also informed him that the appeal may be dismissed for want of jurisdiction.

Curtis filed a response in which he asserts that the notice of appeal was timely. Curtis states that he filed his notice of appeal with the trial court judge directly after his conviction and that he also filed his appeal on the same date with the district clerk. Curtis asserts that the court did not respond to his notice of appeal. The clerk's record, however, does not support Curtis's contention.

Pursuant to TEX. R. APP. P. 26.2, a notice of appeal is due to be filed within thirty days after the date that sentence is imposed in open court. A notice of appeal must be in writing and filed with the clerk of the trial court. TEX. R. APP. P. 25.2(c)(1). The clerk's record in this case reflects that Curtis's notice of appeal was filed with the clerk of the trial court 385 days after sentence was imposed and was, therefore, untimely. Absent a timely notice of appeal, this court lacks jurisdiction to entertain an appeal. *Slaton v. State*, 981 S.W.2d 208 (Tex. Crim. App. 1998); *Olivo v. State*, 918 S.W.2d 519 (Tex. Crim. App. 1996); *Rodarte v. State*, 860 S.W.2d 108 (Tex. Crim. App. 1993). Because we have no jurisdiction, we must dismiss the appeal.

This appeal is dismissed for want of jurisdiction.

PER CURIAM

March 7, 2013

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
McCall, J., and Willson, J.

2