**Opinion filed March 21, 2013**



In The

# Eleventh Court of Appeals

_____

## No. 11-13-00071-CR

_____

## STEVEN CEASAR URESTI, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 70th District Court**

**Ector County, Texas**

**Trial Court Cause No. A-39,257**

## M E M O R A N D U M   O P I N I O N

Steven Ceasar Uresti appeals his conviction for the offense of manslaughter. We dismiss the appeal.

The documents on file in this case indicate that Uresti's sentence was imposed on November 29, 2012, that an untimely motion for new trial was filed on January 25, 2013, and that a notice of appeal was first filed in the district clerk's office on February 8, 2013. When the appeal was filed in this court, we notified Uresti by letter that the notice of appeal appeared to be untimely because the motion for new trial had not been timely filed. We requested that Uresti respond and show grounds to continue this appeal. We also informed him that the appeal may be

dismissed for want of jurisdiction. Uresti has filed a response in this court. In his response, Uresti agrees that the notice of appeal was not timely filed and states that he is unable to allege any facts showing that this court has jurisdiction over his appeal.

Pursuant to TEX. R. APP. P. 26.2(a), a notice of appeal is due to be filed either (1) within thirty days after the date that sentence is imposed in open court or (2) if the defendant timely files a motion for new trial, within ninety days after the date that sentence is imposed in open court. To be timely, a motion for new trial must be filed no later than thirty days after the date sentence is imposed. TEX. R. APP. P. 21.4(a). A notice of appeal must be in writing and filed with the clerk of the trial court. TEX. R. APP. P. 25.2(c)(1).

The documents in this case reflect that Uresti's motion for new trial was filed fifty-seven days after the date sentence was imposed and, therefore, was not timely filed. Consequently, Uresti's notice of appeal was due within thirty days of the date of his sentencing. A notice of appeal was first filed with the clerk of the trial court seventy-one days after Uresti's sentence was imposed and was, therefore, untimely. Absent a timely notice of appeal, this court lacks jurisdiction to entertain an appeal. *Slaton v. State*, 981 S.W.2d 208 (Tex. Crim. App. 1998); *Olivo v. State*, 918 S.W.2d 519 (Tex. Crim. App. 1996); *Rodarte v. State*, 860 S.W.2d 108 (Tex. Crim. App. 1993). Because we have no jurisdiction, we must dismiss the appeal.

This appeal is dismissed for want of jurisdiction.


PER CURIAM


March 21, 2013

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
McCall, J., and Willson, J.