**Opinion filed June 13, 2013**



In The

# Eleventh Court of Appeals

_____

## No. 11-13-00149-CR
_____

## JOSE LUIZ PADILLA, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 238th District Court**
**Midland County, Texas**
**Trial Court Cause No. CR39017**

## M E M O R A N D U M   O P I N I O N

The jury convicted Jose Luiz Padilla of the offense of felony driving while intoxicated and assessed his punishment at confinement for four years and a $2,500 fine. We dismiss the appeal.

Appellant's sentence was imposed on January 9, 2013. A motion for new trial was timely filed on the same day. Appellant's notice of appeal was filed on May 8, 2013, 119 days after the date sentence was imposed. This court notified

the parties by letter dated May 9, 2013, that the notice of appeal appeared to be untimely. We requested that Appellant respond and show grounds for continuing this appeal. We also informed Appellant that the appeal may be dismissed for want of jurisdiction.

Appellant's counsel responded to our letter and explained that his legal secretary resigned around the time that counsel was appointed to handle this appeal and that there was confusion surrounding counsel's appointment and his understanding of the deadline for filing the notice of appeal. Appellant's counsel acknowledges that the notice of appeal was not filed until May 8, though it was due to be filed on April 9, 2013, or—with an extension—no later than April 24, 2013. *See* TEX. R. APP. P. 26.2, 26.3. Pursuant to Rule 26.2(a)(2), a notice of appeal must be filed within ninety days after the day sentence is imposed. For an extension, Rule 26.3 mandates that a notice of appeal and a motion for extension must be filed within fifteen days after the deadline for filing the notice of appeal. Appellant's notice of appeal was not filed within fifteen days of April 9, nor was a motion for extension. Though we are sympathetic to the circumstances in this case, we have no jurisdiction to consider this appeal absent a timely filed notice of appeal or the granting of a timely motion for extension of time. *Slaton v. State*, 981 S.W.2d 208 (Tex. Crim. App. 1998); *Olivo v. State*, 918 S.W.2d 519 (Tex. Crim. App. 1996); *Rodarte v. State*, 860 S.W.2d 108 (Tex. Crim. App. 1993).

Accordingly, the appeal is dismissed for want of jurisdiction.

PER CURIAM

June 13, 2013

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
McCall, J., and Willson, J.

2