**Opinion filed July 3, 2014**



In The

# Eleventh Court of Appeals

_____

## Nos. 11-14-00150-CR, 11-14-00151-CR, & 11-14-00152-CR

_____

## MATTHEW RYAN BLAIN, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 238th District Court**
**Midland County, Texas**
**Trial Court Cause Nos. CR38072, CR40859, & CR41547**

## M E M O R A N D U M   O P I N I O N

Matthew Ryan Blain, Appellant, has again filed an untimely pro se notice of appeal from his convictions for the offenses of unlawful possession of a firearm by a felon, aggravated assault with a deadly weapon, and possession of a deadly weapon in a penal institution.[1] We dismiss the appeals.

---

[1]*See Blain v. State*, Nos. 11-14-00041-CR, 11-14-00042-CR, & 11-14-00043-CR, 2014 WL 972999 (Tex. App.—Eastland Mar. 6, 2014, no pet.) (mem. op., not designated for publication).

The documents on file in this court indicate that Appellant's sentences were imposed on June 27, 2012, March 4, 2013, and September 11, 2013, respectively, and that his most recent pro se notice of appeal was filed in the district clerk's office on May 22, 2014. When the appeals were filed in this court, we notified Appellant by letter that the notice of appeal appeared to be untimely and that the appeals may be dismissed for want of jurisdiction. We requested that Appellant respond to our letter and provide an explanation for the untimely filing of his notice of appeal. Appellant has not responded to our letter. However, when he notified this court that "this is a NEW APPEAL," he insisted that we "[a]ct accordingly; without denying due process." Appellant indicated that this court has jurisdiction in these appeals because the trial court had no jurisdiction over him. Appellant also requested that we allow him to withdraw his guilty plea.

Pursuant to TEX. R. APP. P. 26.2, Appellant's notice of appeal in each case was due to be filed within thirty days after the date that his sentence was imposed in open court. The documents on file in this court reflect that Appellant's notice of appeal was not timely filed. Absent a timely filed notice of appeal or the granting of a timely motion for extension of time, we do not have jurisdiction to entertain these appeals. *Slaton v. State*, 981 S.W.2d 208 (Tex. Crim. App. 1998); *Olivo v. State*, 918 S.W.2d 519 (Tex. Crim. App. 1996); *Rodarte v. State*, 860 S.W.2d 108 (Tex. Crim. App. 1993). Because we have no jurisdiction, we are unable to address the contentions raised by Appellant.

These appeals are dismissed for want of jurisdiction.

July 3, 2014                                                      PER CURIAM

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.

2