**Opinion filed October 16, 2014**



In The

# Eleventh Court of Appeals

_____

## Nos. 11-14-00258-CR, 11-14-00259-CR, & 11-14-00260-CR

_____

## MARCUS DWIGHT BOOTH, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 385th District Court**

**Midland County, Texas**

**Trial Court Cause Nos. CR42435, CR42436, & CR42437**

### M E M O R A N D U M   O P I N I O N

Marcus Dwight Booth, Appellant, filed an untimely pro se notice of appeal from a conviction for possession of cocaine and two convictions for assault on a public servant. We dismiss the appeals.

The documents on file in these cases indicate that Appellant's sentences were imposed on July 14, 2014, and that his pro se notice of appeal was filed in the district clerk's office on September 22, 2014. When the appeals were filed in this

court, we notified Appellant by letter that the notice of appeal appeared to be untimely and that the appeals may be dismissed for want of jurisdiction. We also noted that the trial court's certifications of Appellant's right of appeal indicated that Appellant has no right of appeal because these were plea-bargain cases and because Appellant waived his right of appeal. *See* TEX. R. APP. P. 25.2(a)(2), (d). We requested that Appellant respond to our letter and show grounds to continue. Appellant has responded but has not shown grounds to continue these appeals.

Pursuant to TEX. R. APP. P. 26.2, a notice of appeal is due to be filed either (1) within thirty days after the date that sentence is imposed in open court or (2) if the defendant timely files a motion for new trial, within ninety days after the date that sentence is imposed in open court. A notice of appeal must be in writing and filed with the clerk of the trial court. TEX. R. APP. P. 25.2(c)(1). The documents on file in this court reflect that Appellant's notice of appeal was filed with the clerk of the trial court seventy days after his sentences were imposed and that no motion for new trial was filed. The notice of appeal was, therefore, untimely. Absent a timely filed notice of appeal or the granting of a timely motion for extension of time, we do not have jurisdiction to entertain these appeals. *Slaton v. State*, 981 S.W.2d 208 (Tex. Crim. App. 1998); *Olivo v. State*, 918 S.W.2d 519 (Tex. Crim. App. 1996); *Rodarte v. State*, 860 S.W.2d 108 (Tex. Crim. App. 1993). Because we have no jurisdiction, we must dismiss the appeals.

These appeals are dismissed for want of jurisdiction.

PER CURIAM

October 16, 2014

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.