**Opinion filed June 30, 2016**



In The

# Eleventh Court of Appeals

_____

## No. 11-16-00158-CR
_____

### JIMMY GENE WILLETT, Appellant

### V.

### THE STATE OF TEXAS, Appellee

**On Appeal from the 132nd District Court**
**Scurry County, Texas**
**Trial Court Cause No. 10334**

## M E M O R A N D U M   O P I N I O N

Jimmy Gene Willett, Appellant, has filed an untimely pro se notice of appeal from a conviction for the offense of evading arrest. We dismiss the appeal.

The documents on file in this case indicate that Appellant's sentence was imposed on February 24, 2016, and that his notice of appeal was filed in the district clerk's office on June 3, 2016. When the appeal was filed in this court, we notified Appellant by letter that the notice of appeal appeared to be untimely and that the

appeal may be dismissed for want of jurisdiction. We requested that Appellant respond to our letter and show grounds to continue. Appellant has responded and asks that we consider his appeal because his lawyer did not provide him with effective assistance of counsel at trial.

Pursuant to TEX. R. APP. P. 26.2(a), a notice of appeal is due to be filed either (1) within thirty days after the date that sentence is imposed in open court or (2) if the defendant timely files a motion for new trial, within ninety days after the date that sentence is imposed in open court. A notice of appeal must be in writing and filed with the clerk of the trial court. TEX. R. APP. P. 25.2(c)(1). The documents on file in this court reflect that Appellant timely filed a motion for new trial but that Appellant's notice of appeal was not filed with the clerk of the trial court until 100 days after the sentence was imposed. The notice of appeal was, therefore, untimely. Furthermore, Appellant did not file a timely motion for extension. *See* TEX. R. APP. P. 26.3(b). Absent a timely filed notice of appeal or the granting of a timely motion for extension of time, we do not have jurisdiction to entertain the appeal. *Slaton v. State*, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998); *Olivo v. State*, 918 S.W.2d 519, 522–23 (Tex. Crim. App. 1996); *Rodarte v. State*, 860 S.W.2d 108, 110 (Tex. Crim. App. 1993).

This appeal is dismissed for want of jurisdiction.

PER CURIAM

June 30, 2016

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.

2