**Opinion filed December 12, 2019**



In The

# Eleventh Court of Appeals

_____

## No. 11-19-00334-CR
_____

## LAKESHA LASHAWN BARNES, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 42nd District Court**

**Taylor County, Texas**

**Trial Court Cause No. 26730A**

### M E M O R A N D U M   O P I N I O N

Lakesha Lashawn Barnes has filed an untimely notice of appeal in this cause. She attempts to file "another appeal" from her convictions for the offenses of possession of methamphetamine and tampering with evidence. We dismiss the appeal.

The documents on file in this appeal indicate that Appellant's sentences were imposed on May 16, 2017. Pursuant to Rule 26.2(a) of the Texas Rules of Appellate Procedure, a notice of appeal is due to be filed either (1) within thirty days after the date that sentence is imposed or suspended in open court or (2) if the defendant

timely files a motion for new trial, within ninety days after the date that sentence is imposed or suspended in open court. A notice of appeal must be in writing and filed with the clerk of the trial court. TEX. R. APP. P. 25.2(c)(1). The documents on file in this court reflect that Appellant's pro se notice of appeal was filed in the district clerk's office on November 5, 2019—903 days after one sentence was imposed and the other one was suspended. Absent a timely filed notice of appeal or the granting of a timely motion for extension of time, we do not have jurisdiction to entertain this appeal. *Slaton v. State*, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998); *Olivo v. State*, 918 S.W.2d 519, 522–23 (Tex. Crim. App. 1996); *Rodarte v. State*, 860 S.W.2d 108, 110 (Tex. Crim. App. 1993).

On November 5, 2019, when the appeal was filed in this court, we notified Appellant by letter that the notice of appeal appeared to be untimely and that the appeal may be dismissed for want of jurisdiction. We requested that Appellant respond to our letter and show grounds to continue. Appellant has filed a response, but she has not shown grounds upon which this appeal may proceed.[1]

In her response, Appellant asks that we grant her an out-of-time appeal. However, we are not authorized to grant a request for an out-of-time appeal. *See Slaton*, 981 S.W.2d at 210. Appellant also asserts in her response that her court-appointed attorney failed to pursue an appeal on her behalf. Appellant is mistaken; the convictions that Appellant attempts to appeal in this cause were timely appealed and pursued by Appellant's court-appointed attorney. *See Barnes v. State*, No. 11-17-00133-CR, 2019 WL 1966852, at *1–2 (Tex. App.—Eastland May 2, 2019, no pet.) (mem. op., not designated for publication).

---

[1]We note that, in her response, Appellant indicates that her court-appointed attorney failed to pursue an appeal on her behalf. Appellant is mistaken; the convictions that Appellant attempts to appeal in this cause were timely appealed and pursued by Appellant's court-appointed attorney. *See Barnes v. State*, No. 11-17-00133-CR, 2019 WL 1966852, at *1–2 (Tex. App.—Eastland May 2, 2019, no pet.) (mem. op., not designated for publication).

We dismiss this appeal for want of jurisdiction.

PER CURIAM

December 12, 2019

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J.,
Stretcher, J., and Wright, S.C.J.[2]

Willson, J., not participating.

---

[2]Jim R. Wright, Senior Chief Justice (Retired), Court of Appeals, 11th District of Texas at Eastland, sitting by assignment.